OPINION
{¶ 1} Defendant-appellant Delane R. Starner, Jr. appeals his June 12, 2005 classification as a sexual predator and the imposition of maximum, consecutive sentences following his plea of guilty to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), in the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On April 6, 2005, the Muskingum County Grand Jury indicted appellant on two counts of rape, in violation of R.C.2907.02(A)(1)(b), felonies of the first degree, and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. The charges arose from appellant's alleged engagement in sexual relations with a child under the age of thirteen years.
 {¶ 3} On May 23, 2005, appellant withdrew his prior not guilty pleas, and entered pleas of guilty to the two counts of gross sexual imposition. In exchange, the State agreed to enter a Nolle Prosequi to the two rape charges. The terms of appellant's plea agreement stated he and appellee stipulate to the classification of appellant as a sexually oriented offender. Following a hearing, the trial court found appellant's change of plea both informed and voluntary, and accepted the same. The court then ordered a pre-sentence investigation prior to sentencing.
 {¶ 4} On May 31, 2005, the trial court issued a notice of sexual predator hearing to both appellant and the State to be held on June 13, 2005.
 {¶ 5} At the June 13, 2005 hearing, the trial court heard the report of the pre-sentence investigator concerning the classification of appellant pursuant to R.C. 2950.09. The trial court determined it could not accept the stipulation as to appellant's classification as a sexually oriented offender; instead, ordering appellant be classified as a sexual predator.
 {¶ 6} The trial court proceeded in sentencing appellant to the maximum five years in prison on each of the gross sexual imposition counts, ordering the same be served consecutively.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. WHETHER APPELLANT WAS DENIED DUE PROCESS OF LAW AND FUNDAMENTAL FAIRNESS, BY STATE'S PLEA OFFER TO STIPULATE TO THE SEXUALLY ORIENTED OFFENDER CLASSIFICATION.
 {¶ 9} "II. WHETHER THE TRIAL COURT COMPLIED WITH THE PROCEDURAL REQUIREMENTS OF R.C. 2950.09 (B) (2).
 {¶ 10} "III. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT THE APPELLANT WAS A SEXUAL PREDATOR.
 {¶ 11} "IV. WHETHER THE TRIAL COURT ERRED IMPOSING CONSECUTIVE SENTENCES UPON THE DEFENDANT, WITHOUT MAKING THE REQUIRED FINDINGS FOR CONSECUTIVE SENTENCES UNDER R.C. 2929.14
(E) (4) and R.C. 2929.19 (B) (2) (c)."
 I, II {¶ 12} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 13} Appellant argues he was denied due process of law in the trial court's classification of him as a sexual predator after he and appellee stipulated to a classification of his being a sexually oriented offender. Specifically, appellant contends he lacked notice and an opportunity to be heard once the trial court commenced a contested classification hearing. Appellant maintains the proceedings in the trial court failed to comply with the procedural requirements of R.C. 2950.09(B)(2).
 {¶ 14} Initially, we note appellant failed to object to the trial court proceedings with the classification hearing. As a general rule, a party's failure to raise an issue at the trial court level waives the issue on appeal. State v. Williams
(1977), 51 Ohio St.2d 112. However, appeals relative to waiver of a constitutional issue before the trial court render consideration of the issue discretionary with an appellate court. We choose to exercise our discretion to consider appellant's constitutional challenges despite the appellant's waiver of the issue before the trial court.
 {¶ 15} In the case sub judice, at the May 23, 2005 change of plea hearing, in reviewing the terms of appellant's plea agreement, the trial court stated:
 {¶ 16} "The Court: You understand by entering a plea of guilty to a sex offense, we'll have a sexual predator hearing prior to your sentencing at which time evidence will be presented and the Court will determine whether or not you would be a sexual predator, habitual — sexual predator, a habitual sexual offender, or sexually-oriented offender, all of which require certain reporting requirements on your part in regard to your address and whereabouts for a period of time. Do you understand that?
 {¶ 17} "The Defendant: Yes, sir."
 {¶ 18} Tr. at 8.
 {¶ 19} Further, a review of the record in this case indicates the trial court issued a "Notice of Sexual Predator Hearing" on May 31, 2005. Specifically, the notice was sent to counsel for the State and counsel for appellant, stating:
 {¶ 20} "Prior to sentencing of the above defendant, a hearing to determine if he is a sexual predator shall be held on MondayJune 13th at 10:00 A.M.
 {¶ 21} "At this hearing, the offender and the prosecutor shall have an opportunity to present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."
 {¶ 22} At the June 13, 2005 classification and sentencing hearing, the State presented the testimony of the pre-sentence investigator, Melanie Richert, and appellant exercised his right to cross-examine the witness. After hearing the testimony, the trial court stated:
 {¶ 23} "The Court: Thank you. You may step down. In regards to the sexual predator portion of this hearing, the Court finds that the offense committed in this case — the defendant was age 41 at the time of committing the offense. The age of the victim the Court takes into consideration in this case, and the age was 6 and was terminated when she was 7 when she notified the appropriate people.
 {¶ 24} "The Court also finds the defendant has a prior criminal history involving a domestic violence which was a crime of violence but not necessarily a sex offense.
 {¶ 25} "And the Court also finds that the defendant does not have a mental illness; but the nature of the conduct and the sexual contact involved in this case is important to the fact that it continued over a period of time, involved multiple violations, and the reasonable inference can be made to the fact that if the child had not come forward that the offenses could have continued even over a longer period of time.
 {¶ 26} "Based upon all of the above, the Court finds that there is clear and convincing evidence that the defendant should be considered a risk of re-offending in the future. This would also be based upon his lack of remorse in this case and his desire at this point in time to change statements which he has made previously and to indicate that nothing had happened.
 {¶ 27} "Based upon that, the Court finds that the defendant is a sexual predator based upon clear and convincing evidence and will be subject to a lifetime reporting requirement in regards to his addresses as well as all the additional requirements in regards to where he can live and cannot live once he is released from the institution."
 {¶ 28} Tr. at 12-13.
 {¶ 29} R.C. 2950.09(B)(2) provides:
 {¶ 30} "(2) Regarding an offender, the judge shall conduct the hearing required by division (B)(1)(a) of this section prior to sentencing and, if the sexually oriented offense for which sentence is to be imposed is a felony and if the hearing is being conducted under division (B)(1)(a) of this section, the judge may conduct it as part of the sentencing hearing required by section2929.19 of the Revised Code. Regarding a delinquent child, the judge may conduct the hearing required by division (B)(1)(b) of this section at the same time as, or separate from, the dispositional hearing, as specified in the applicable provision of section 2152.82 or 2152.83 of the Revised Code. The courtshall give the offender or delinquent child and the prosecutorwho prosecuted the offender or handled the case against thedelinquent child for the sexually oriented offense notice of thedate, time, and location of the hearing. At the hearing, theoffender or delinquent child and the prosecutor shall have anopportunity to testify, present evidence, call and examinewitnesses and expert witnesses, and cross-examine witnesses andexpert witnesses regarding the determination as to whether theoffender or delinquent child is a sexual predator. The offender or delinquent child shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender or delinquent child."
 {¶ 31} (Emphasis added).
 {¶ 32} Upon review, the trial court's May 31, 2005 notice of a sexual predator hearing clearly provided appellant with the required due process notice of the court's intent to conduct a hearing relative to appellant's classification as a sexual predator, affording him the opportunity to present evidence, call witnesses and cross-examine the State's witnesses. Accordingly, appellant's first and second assignments of error are overruled.
 III {¶ 33} In the third assignment of error, appellant asserts there was insufficient evidence to support the trial court's classification of him as a sexual predator.
 {¶ 34} In State v. Jenks (1981), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 35} Ohio Revised Code Section 2950.09(B)(3) requires the trial court consider all relevant factors, including, but not limited to the following, in classifying an offender as a sexual predator:
 {¶ 36} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 37} "(a) The offender's or delinquent child's age;
 {¶ 38} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 39} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 40} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 41} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 42} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 43} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 44} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 45} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 46} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 47} As set forth in our analysis and disposition of appellant's first and second assignments of error, the trial court clearly determined appellant engaged in sexual relations with a six year-old victim until she was seven years-old. The court considered his prior criminal history, the nature of the conduct, the period of time, and appellant's multiple violations.
 {¶ 48} On review of the record, the trial court properly considered all of the relevant statutory factors and circumstances surrounding appellant's offenses in classifying appellant a sexual predator. We find there was sufficient evidence to support its determination.
 {¶ 49} The third assignment of error is overruled.
 IV {¶ 50} In the fourth assignment of error appellant maintains the trial court erred in imposing maximum, consecutive sentences following his plea of guilty to both gross sexual imposition counts without having made specific findings pursuant to R.C.2929.14 and State v. Comer (2003), 99 Ohio St.3d 463.
 {¶ 51} Recently, in State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 856, the Ohio Supreme Court found R.C. 2929.14(C) and R.C. 2929 .14(E)(4), which govern the imposition of maximum and consecutive sentences, respectfully, violate the principles announced by the United States Supreme Court in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2nd 403; therefore, they are unconstitutional. Based upon Foster,
we find appellant's sentence is deemed void. Accordingly, we vacate appellant's sentence and remand the matter to the trial court for a new sentencing hearing.
 {¶ 52} Appellant's June 13, 2005 classification as a sexual predator is hereby affirmed, but his sentence is vacated, and the matter remanded to the trial court for a new sentencing hearing in accordance with Foster.
Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is hereby affirmed, in part, vacated, in part, and the matter remanded to the trial court for a new sentencing hearing in accordance with the law and our opinion. Costs to be divided equally.