OPINION *Page 2 
{¶ 1} On April 7, 2005, the Muskingum County Grand Jury indicted appellant, Delane Starner, Jr., on two counts of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving a child under thirteen years old.
 {¶ 2} On May 23, 2005, appellant, pursuant to a plea agreement, pled guilty to the two counts of gross sexual imposition. The rape counts were dismissed. The terms of the plea agreement included a ten year prison sentence and a classification as a sexually oriented offender. By entry filed June 20, 2005, the trial court sentenced appellant to five years on each count, to be served consecutively, and classified appellant as a sexual predator.
 {¶ 3} Appellant appealed his sentence and this court upheld the sexual predator classification, but vacated the sentence and remanded the matter to the trial court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Starner, Muskingum App. No. CT05-0033, 2006-Ohio-2204.
 {¶ 4} Upon remand, the trial court held a hearing on May 22, 2006. By entry filed May 31, 2006, the trial court sentenced appellant to the same sentence, five years on each count, to be served consecutively.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING RC § 2929.11 AND § 2929.12." *Page 3 
 II {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF PRISON CONSIDERING RC § 2929.14(E)(4)."
 I, II {¶ 8} Appellant claims the trial court erred in resentencing him. We disagree.
 {¶ 9} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 10} On May 23, 2005, appellant pled guilty to the two counts of gross sexual imposition. The plea form was signed by appellant, his counsel and the prosecutor. In exchange for the plea, appellant agreed to the following:
 {¶ 11} "The Defendant hereby acknowledges that through plea negotiations by and between the parties he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows:
 {¶ 12} "In exchange for the Defendant's pleas to counts 2 4 of the Indictment, the State recommends that the Defendant receive a ten (10) year prison sentence; the State further agrees to Nolle at sentencing, Counts 1 3 of the Indictment." See, Plea of Guilty filed May 24, 2005.
 {¶ 13} Gross sexual imposition is a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." Therefore, the five year sentence on each count is authorized by law. *Page 4 
 {¶ 14} Appellant's sentence was part of a negotiated plea agreement and is authorized by law, therefore, the sentence is not subject to review pursuant to R.C. 2953.08(D). Furthermore, the state agreed to nolle the two rape counts. Appellant received a benefit and the trial court sentenced appellant to what was bargained for in the plea.
 {¶ 15} Assignments of Error I and II are denied.
 {¶ 16} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1