DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ezzard C. Harris appeals, pro se, from a judgment of the Sandusky County Court of Common Pleas and sets forth the following assignments of error:
 {¶ 2} "The trial court's attempt to disregard the statutory requirements of R.C. 2929.12, R.C. 2929.14, and R.C. 2929.19 when imposing the consecutive sentences on defendant are contrary to law and renders the attempted sentence incomplete, invalid, a nullity and void. In addition [sic] violates the 6th Amendment according to Apprendi vs. New Jersey [sic] and reaffirmed in Blakely vs. Washington [sic], and United States vs. Booker [sic]."
 {¶ 3} "The trial court erred when it sentenced Defendant-Appellant to more than the minimum sentence, being that Defendant-Appellant has not previously served a prison term, in violation of Blakely v. Washington [sic]."
 {¶ 4} Pursuant to a plea agreement, appellant pled no contest to and was found guilty of one count of attempted murder, a violation of R.C. 2903.02, a felony of the first degree, with a firearm specification, and one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree. During the change of plea colloquy, the trial judge discussed the sentences that appellant would receive under the plea agreement and stated that the sentences would be served consecutively. The judge then asked appellant whether he understood the agreed upon sentence, and appellant replied that he did understand. In his judgment entry on sentencing, journalized on December 5, 2003, the judge imposed the following sentence:
 {¶ 5} "It is ordered that defendant serve a term of four (4) years imprisonment for attempted murder, Count Two of the Indictment, five (5) years in prison for the firearm specification to Count Two of the Indictment, and two (2) years imprisonment for felonious assault, Count Four of the Indictment. All sentences shall be consecutive to each other for a total of eleven (11) years imprisonment. This was an agreed uponsentence." (Emphasis added.)
 {¶ 6} Appellant filed a timely appeal from his conviction and sentence. However, that appeal was dismissed for noncompliance with the appellate rules, was subsequently reactivated, and was, once again, dismissed for noncompliance. On February 2, 2005, appellant filed, pro se, a "Motion to Correct Invalid Void Sentencing Orders." Appellant argued that, at his sentencing hearing, the trial judge failed state required statutory findings, and reasons for those findings, in imposing consecutive sentences. Appellant therefore asserted that his sentence was void.
 {¶ 7} On March 8, 2005, the trial judge denied appellant's motion to correct his sentence. The court expressly found: "Even though this was an `agreed upon sentence,' the court independently considered and weighed the required sentencing factors in this matter." As stated infra, appellant filed a timely appeal from this judgment. For the following reasons, we must find that appellant's "motion to correct" his sentence was untimely.
 {¶ 8} Generally, there are two means by which a defendant may challenge a judgment of conviction or sentence. First, a defendant may file a direct appeal within 30 days of the judgment entry on sentencing. See App.R. 4(A). Second, a defendant may file a petition for postconviction relief pursuant to R.C.2953.21.
 {¶ 9} In the present case, appellant first filed a direct appeal. The transcript of proceedings was filed in that appeal on February 20, 2004. Nonetheless, as stated above, appellant's direct appeal was dismissed for failure to comply with the appellate rules. Appellant then filed his motion to correct his sentence as being, among other things, void. There is no statutory or procedural rule authorizing such a motion. State v.Caldwell, 3d No. 11-05-07, 2005-Ohio-5375, at ¶ 8. Nevertheless, a motion to correct a sentence as being void or voidable may be construed as a petition for postconviction relief. State v.Reynolds (1997), 79 Ohio St.3d 158, 160-161. Accordingly, we find that appellant's motion is, in essence, a petition for postconviction relief brought pursuant to R.C. 2953.21, as effective on October 29, 2003.
 {¶ 10} R.C. 2953.21(A)(2) sets forth time limits in which a petition for postconviction relief may be brought. If no direct appeal is taken, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." If a direct appeal is taken, the petition must "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *"
 {¶ 11} Even in computing the allowed time from the date, February 20, 2004, on which the transcript was filed in appellant's direct (but dismissed) appeal, appellant's petition for postconviction relief is untimely, i.e., was filed more than 180 days after February 20, 2004. However, a trial court may hear a petition for postconviction relief that is filed beyond the time limits set forth in R.C. 2953.21(A)(2) if the movant meets the both of the requirements in R.C. 2953.23(A). State v.Foster, 8th Dist. No. 86155, 2005-Ohio-6625, at ¶ 9, appeal not allowed by State v. Foster, 98 Ohio St.3d 1540.
 {¶ 12} Therefore, in the case under consideration, appellant needed to: (1) demonstrate either that he was unavoidably prevented from discovering the facts upon which he relied for his claim, or subsequent to the period prescribed in R.C.2953.21(A)(2) the United States Supreme Court recognized a new state or federal right that applies retroactively to a person in petitioner's position and his or her petition asserts a claim based on that and right; and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C.2953.23(A)(1)(a) and (A)(1)(b).
 {¶ 13} With regard to the first part of R.C.2953.23(A)(1)(a), it is undisputed that the trial court imposed an agreed upon sentence that expressly included consecutive sentences. Because this case involved an agreed upon sentence, that sentence was not subject to appellate review unless it was not authorized by law pursuant to R.C. 2953.08(D). State v.Dennison, 10th Dist. No. 05AP-124, 2005-Ohio-5837, at ¶ 8;State v. Bryant, 6th Dist. No. L-03-1359, 2005-Ohio-3352, at ¶ 13. So long as the sentence imposed is within the statutory range of available sentences, it is "authorized by law." Dennison, at ¶ 8 (Citations omitted.); Bryant, at ¶ 13 (An agreed upon sentence is not subject to review so long as the imposed sentence does not exceed the statutory maximum.).
 {¶ 14} Here, the statutory range available for a felony of the first degree is from three to ten years. Appellant was sentenced to four years in prison on the attempted murder conviction, a felony of the first degree. The statutory range available for a felony of the second degree is from two to eight years. Appellant was sentenced to two years in prison on the felonious assault conviction, a felony of the second degree. Thus, both of these sentences were within the statutory range available. Under R.C. 2941.146, a conviction for firing a firearm from a motor vehicle, other than a manufactured home, requires the imposition of a mandatory five year prison sentence. The maximum consecutive sentence that could have been imposed by the trial court is 23 years. The sentence imposed, including a mandatory five year sentence, was 11 years. Therefore, appellant's agreed upon sentence was authorized by law and, pursuant to R.C. 2953.08(D) is not subject to review. Appellant did not satisfy the first part of R.C. 2953.23(A)(1)(a).
 {¶ 15} As to the second alternative provision in R.C.2953.23(A)(1)(a), appellant does raise, for the first time on appeal, a new state or federal right under Apprendi v. NewJersey (2000), 530 U.S. 466, Blakely v. Washington, (2004),542 U.S. 296, and State v. Booker (2005), 543 U.S. 220. See, also, State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Nevertheless, a number of appellate courts, including this court have held that an appellant waives any arguments under Apprendi,Blakely, and their progeny through a jointly recommended sentencing agreement. See State v. Tillman, 6th Dist. No. H-04-040, 2005-Ohio-2347, at ¶ 5, citing Blakely, at 2541. Accord, Dennison, at ¶ 12; State v. Ranta, 8th Dist. No. 84976, 2005-Ohio-3692; State v. Phillips, 3d Dist. No. 8-05-05,2005-Ohio-4619; State v. Rockwell, 5th Dist. No. 2004CA00193,2005-Ohio-5213.
 {¶ 16} Moreover, this court recently determined that the United States Supreme Court limited its holding in Apprendi andBlakely concerning sentencing guidelines to cases on direct review. State v. Padilla-Montano, 6th Dist. No. L-05-1099,2006-Ohio-115, at ¶ 14 (Citations omitted.). See, also, Foster,2006-Ohio-856, at ¶ 104 (finding that its decision is applicable to cases pending on direct review.). Thus, the federal cases, as well as Foster, the recent decision by the Ohio Supreme Court holding that certain statutes in Ohio's sentencing scheme violate the Sixth Amendment to the United States Constitution, are not applicable to a petition for postconviction relief. Consequently, appellant failed to satisfy R.C. 2953.23(A)(1)(a), and the trial court could not consider the merits of appellant's untimely petition for postconviction relief. It follows that appellant's first and second assignments of error must be found not well-taken.
 {¶ 17} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.