DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jerry Baker, appeals from a judgment of sentence entered by the Wood County Court of Common Pleas in favor of appellee, the state of Ohio. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 20, 2005, appellant Jerry Baker was indicted on a single count of trafficking in cocaine, a felony of the first degree in violation of R.C. 2925.03(A)(C)(4)(f) (involving crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams). At arraignment, appellant entered a plea of not guilty. Appellant subsequently withdrew his plea of not guilty and, on April 4, 2005, entered a plea of guilty to the offense as charged in the indictment. As part of the plea agreement, appellant and the state agreed to a sentence of five years incarceration. The state recommended that sentence to the court, and the court, upon accepting appellant's guilty plea and entering a finding of guilt, immediately imposed the agreed-upon five-year term.
 {¶ 3} On April 6, 2005, appellant filed a motion to withdraw his former plea. The trial court denied the motion. Appellant timely filed a notice of appeal, raising the following assignment of error:
 {¶ 4} I. "THE SENTENCE IMPOSED BY THE TRIAL COURT WAS EXCESSIVE AND CONTRARY TO LAW."
 {¶ 5} As noted above, the sentence in this case was an agreed-upon sentence. An agreed-upon sentence is not subject to appellate review unless it is not "authorized by law", pursuant to R.C. 2953.08(D).[1] State v. Harris, 6th Dist. No. S-05-014, 2006-Ohio-1395, at ¶ 13. As long as the sentence imposed is within the statutory range of available sentences, it is "authorized by law." Id.
 {¶ 6} The available statutory range for appellant's first degree felony offense is from three to ten years imprisonment.[2] Appellant's sentence of five years imprisonment was clearly within the available statutory range.
 {¶ 7} Appellant argues that because the five-year prison term he received was greater than the minimum prison term authorized by statute, his sentence was in violation of Apprendi v. New
Jersey (2000), 530 U.S. 466, Blakely v. Washington (2004),542 U.S. 296, and State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856. We note, however, that "an appellant waives any arguments under Apprendi, Blakely, and their progeny through a jointly recommended sentencing agreement." State v. Harris,
supra, at ¶ 15. Appellant has clearly waived these arguments through his agreed-upon five-year sentence. Therefore, we decline to give them any additional consideration.
 {¶ 8} For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. Concur.
[1] R.C. 2953.08(D) relevantly provides that "[a] sentence imposed upon a defendant is not subject to review under this section [dealing with grounds for appeal for a felony offense] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Id.
[2] Because the amount of crack cocaine that was involved in this case equaled or exceeded 25 grams but was less than 100 grams, appellant faced mandatory imprisonment. R.C.2925.03(A)(C)(4)(f); R.C. 2929.13(F)(5).