DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jerry C. Webb, Jr., appeals from a judgment of sentence entered by the Erie County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 15, 2004, in trial court case number 04-CR-134, appellant was indicted on two counts of trafficking in cocaine, felonies of the fourth degree in violation of R.C. 2925.03(A)(1). On May 14, 2004, in trial court case number 04-CR-221, appellant was indicted on one count of trafficking in crack cocaine, a felony of the third degree, one count of trafficking in crack cocaine, a felony of the fifth degree, and one count of failing to register as a sex offender, a felony of the fifth degree.
 {¶ 3} At arraignment, appellant entered a plea of not guilty. Appellant subsequently withdrew his plea of not guilty and, on September 26, 2005, the scheduled trial date, entered a plea of guilty to all the offenses as charged in the indictments. As part of the plea agreement, appellant and the state agreed to a sentence of six years incarceration. The state recommended that sentence to the court, and the court, upon accepting appellant's guilty plea and entering a finding of guilt, immediately imposed the agreed-upon six-year term.
 {¶ 4} Appellant timely filed a notice of appeal, raising the following assignment of error:
 {¶ 5} I. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE AGREED SENTENCE UPON THE DEFENDANT/APPELLANT IN THAT THE STATUTE UPON WHICH APPELLANT'S SENTENCING WAS BASED IN [SIC] UNCONSTITUTIONAL."
 {¶ 6} As noted above, the sentence in this case was an agreed-upon sentence. We have reviewed this issue in two recent cases, State v.Baker, 6th Dist. No. WD-05-033, 2006-Ohio-3611 and State v. Harris,
6th Dist. No. S-05-014, 2006-Ohio-1395. An agreed-upon sentence is not subject to appellate review unless it is not "authorized by 2. law", pursuant to R.C. 2953.08(D). Baker, ¶ 5 Harris, ¶ 13. As long as the sentence imposed is within the statutory range of available sentences, it is "authorized by law." Id.
 {¶ 7} The available statutory range for appellant's third degree felony offense is from one to five years imprisonment. The available statutory range for appellant's two fourth degree felony offenses is from six to eighteen months imprisonment each. The available statutory range for appellant's two fifth degree felony offenses is from six to twelve months imprisonment. The maximum consecutive sentence that could have been imposed by the trial court is ten years. Appellant's sentence of a total of six years imprisonment was clearly within the available statutory ranges.
 {¶ 8} Appellant argues that because the trial court imposed an agreed upon sentence that expressly included consecutive sentences, his sentence was in violation of Apprendi v. New Jersey (2000),530 U.S. 466, Blakely v. Washington (2004), 542 U .S. 296, and State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856. We note, however, that "an appellant waives any arguments under Apprendi, Blakely, and their progeny through a jointly recommended sentencing agreement."Baker, ¶ 7 Harris, ¶ 15. Appellant has clearly waived these arguments through his agreed-upon six-year sentence. Therefore, we decline to give them any additional consideration.
 {¶ 9} For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.