DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Wayne Allen, appeals the judgment of the Lucas County Court of Common Pleas denying his motion to withdraw his guilty plea. On December 17, 2004, appellant appeared in court with counsel and entered pleas of guilty to one count of burglary, a violation of R.C.2911.12(A)(1) and a felony of the second degree, and one count of aggravated burglary, a violation of R.C. 2911.11(A)(1) and a felony of the first degree. *Page 2 
 {¶ 2} The plea was made pursuant to a cooperation agreement between appellant and the state, signed by appellant on November 24, 2004. The agreement provided that the state would recommend a sentence not exceeding a total of 16 years, and specifically stated, "[i]f the Court imposes a sentence in excess of 16 years the Defendant may, withdraw his guilty plea."
 {¶ 3} After receiving appellant's guilty plea, the court entered a verdict of guilty on each count. Appellant's sentencing hearing was held on December 22, 2004; the record contains no transcript of the sentencing hearing. The journal entry orders a total term of 14 years in prison "in compliance with a cooperation agreement."
 {¶ 4} On April 10, 2006, appellant filed a motion to withdraw his guilty plea, or alternatively, a motion to modify his sentence to the minimum allowable terms of incarceration for the offenses. The state did not file a motion in opposition. By judgment entry, on May 8, 2006, the trial court denied appellant's motion and denied his request for an evidentiary hearing.
 {¶ 5} Appellant sets forth two assignments of error:
 {¶ 6} "The trial court abused its discretion and committed prejudicial error in holding that appellant's guilty plea satisfied Crim.R. 11(C), and that appellant's sentence was authorized by law and that State v.Foster could be applied retroactively to appellant's sentence, which deprived appellant of his right to a trial by jury.
 {¶ 7} "In summarily dismissing the Crim.R. 32.1 motion to withdraw guilty plea without ordering an evidentiary hearing, the trial court denied appellant his absolute right to procedural due process of law guaranteed by Article I, Section 16, of the Ohio *Page 3 
Constitution and the Fourteenthe [sic] Amebdment [sic] to the United States Constitution."
 {¶ 8} The decision to grant or deny a defendant's motion to withdraw a guilty plea rests in the sound discretion of the trial court. State v.Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. On appellate review, an abuse of discretion will be found only where the trial court displays "an unreasonable, arbitrary or unconscionable attitude." State v. Longo (1982), 4 Ohio App.3d 136, paragraph three of the syllabus. "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." State v. Blatnik (1984),17 Ohio App.3d 201, 202, citing State v. Walton (1981), 2 Ohio App.3d 117, 119.
 {¶ 9} Crim.R. 32.1 provides:
 {¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 11} A Crim.R. 32.1 motion should be granted only in extraordinary cases. State v. Smith, 49 Ohio St.2d at 264, citing United States v.Semel (C.A.4, 1965), 347 F.2d 228, certiorari denied 382 U.S. 840, rehearing denied 382 U.S. 933. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." Id., citing Kadwell v.United States (C.A.9, 1963), 315 F.2d 667, 670. *Page 4 
 {¶ 12} In his first assignment of error, appellant argues that the trial court failed to comply with Crim.R. 11(C) in that he was not informed of his entitlement to minimum sentences in the absence of judicial findings supporting a sentence above the minimum. Crim.R. 11(C) requires a trial court, before accepting a guilty plea, to personally address the criminal defendant and (1) determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing"; (2) inform and determine "that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence"; (3) inform and determine "that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(a)-(c).
 {¶ 13} An appellate court reviews a trial court's acceptance of a guilty plea for substantial compliance with Crim.R. 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show *Page 5 
a prejudicial effect. The test is whether the plea would have otherwise been made." State v. Nero (1990), 56 Ohio St.3d 106, 108 (internal citations omitted).
 {¶ 14} Appellant claims that he would not have entered a guilty plea or signed the cooperation agreement had he known that he was entitled to a presumption of a minimum term in prison pursuant to R.C. 2929.14(B). He argues that he was entitled to a minimum prison term pursuant toBlakely v. Washington (2004), and that, at sentencing, the trial court should have explained that appellant was eligible for the minimum terms or that "any findings used to impose non-minimum or consecutive sentences must be admitted to or proven beyond a reasonable doubt at trial."
 {¶ 15} The cooperation agreement appellant signed has the same effect as an agreed-upon sentence; both appellant and the state agreed that, in exchange for his cooperation, appellant would not receive a sentence exceeding 16 years total. As appellant recognizes, an agreed-upon sentence is not subject to appellate review unless it is not "authorized by law." R.C. 2953.08(D). We have held that when a sentence is imposed after a plea of guilty and the sentence is within the authorized range, "an appellant waives any arguments under Apprendi, Blakely, and their progeny through a jointly recommended sentencing agreement." State v.Baker, 6th Dist. No. WD-05-033, 2006-Ohio-3611, ¶ 7, citing State v.Harris, 6th Dist. No. S-05-14, 2006-Ohio-1395, ¶ 15.
 {¶ 16} Appellant also argues that he should not have the remedy of a new sentencing hearing if we were to find that State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, applies to his sentence, because the retroactive application would violate the Ex Post *Page 6 
Facto Clause of Article I, Section 10 of the United States Constitution.Foster, however, is not only inapplicable here, but appellant has yet to be resentenced and we have held, along with the majority of other Ohio appellate courts, that Foster's remedy does not violate the Ex Post Facto Clause. State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448. Appellant's first assignment of error is not well-taken.
 {¶ 17} Next, appellant argues that an evidentiary hearing was warranted because he averred facts in his affidavit demonstrating manifest injustice. He alleges (1) that no one explained to him the consequences of the plea agreement; (2) that his counsel told him that there was nothing she could do to reduce or mitigate his sentence; and (3) that his counsel failed to inform him that he was entitled to the shortest prison term for his offenses pursuant to Blakely, supra.
 {¶ 18} After examining the transcript of the hearing at which appellant entered his plea, the trial court correctly concluded that appellant entered his plea with full knowledge of the possible sentence. He stated his understanding of the agreement's 16 year cap on his total sentence, stated his awareness that the court was free to deviate from the recommendation, and stated that he entered the plea in his own best interest. At the hearing, appellant's counsel also stated, "[i]t seems quite evident that he understood what he was doing [in signing the cooperation agreement] and that it was in his best interest to do so." After reviewing appellant's plea hearing, we also find that the trial court complied with Crim.R. 11, and that appellant entered his plea knowingly, intelligently, and voluntarily. *Page 7 
 {¶ 19} Appellant has waived any claim that his counsel was ineffective. A defendant entering a plea of guilty waives the right to appeal alleged ineffective assistance of counsel, unless it is shown that the ineffective assistance "caused the plea to be less than knowing and voluntary." State v. Barnett (1991), 73 Ohio App.3d 244, 249, citingUnited State v. Broce (1989), 488 U .S. 563, 574. Appellant's second assignment of error is found not well-taken.
 {¶ 20} Accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1