DECISION AND JUDGMENT ENTRY
{¶ 1} Andre Delawrence Rice, appellant, and Charles Lowe, a co-defendant, were indicted by the Lucas County Grand Jury for aggravated murder, R.C. 2903.01(B) and (F), murder, R.C. 2903.02(B), aggravated robbery, R.C. 2911.01(A)(3), and felonious assault, R.C.2903.11(A)(1). He requested and received appointed counsel and entered a plea of not guilty. *Page 2 
 {¶ 2} Appellant's appointed counsel filed, inter alia, a motion to suppress statements appellant made during custodial interrogation, a motion for disclosure of agreements between the state and its witnesses, requests for the victim's medical records and disclosure of exculpatory evidence. The state provided a videotape of law enforcement officer interviews with appellant and the victim's medical records.
 {¶ 3} After a hearing, the trial court denied appellant's motion to suppress. Ultimately, appellant entered into a plea agreement and entered a plea of guilty pursuant to North Carolina v. Alford (1970),400 U.S. 25, to involuntary manslaughter, R.C. 2903.04(A), and aggravated robbery. Pursuant to Alford and Crim.R. 11(C), the trial court held a colloquy with appellant in order to determine that he knowingly and voluntarily entered his plea.
 {¶ 4} The state read its statement of facts into the record as follows:
 {¶ 5} "May it please the Court. Your Honor, on January 31st of this year about 3:00 o'clock in the morning, the victim in this case was a man named Robert Smead. He helped a woman named Lorrie Green move. She borrowed the truck from a man named Terry Taylor. She was late coming. She pulled up in the truck with Robert Smead driving it in the 500 block of Austin about 3:00 o'clock in the morning. They are late getting the truck back. Mr. Taylor is very upset. At the same time this Defendant, along with his codefendant Charles Lowe are coming up to the same house. Mr. Taylor is starting to demand to get the keys back from Mr. Smead. Both men get Mr. Smead out of the truck and begin to beat him. This Defendant later acknowledged that he hit Mr. *Page 3 
Smead several times in the head with a piece of metal. The autopsy indicates that Mr. Smead had a fractured skull, he also had bilateral rib fractures on both of his back ribs two through five, about eight broken ribs as a result of the beating. They then leave. Before they leave, they take Mr. Smead's wallet out of his pants and papers and flee in a white van.
 {¶ 6} "Call is made. Seen by the police going over the Cherry Street bridge in the white van. Patrol car pulls up behind them and seen Mr. Smead's belongings being thrown out the window. The Toledo Police Department recovered the items in his wallet. Both of these men were taken downtown and interviewed by the police. Both admitted their involvement in this crime. Mr. Lowe admitted to taking the wallet. Mr. Rice admitted that he had struck the victim in the head with the piece of pipe. It is not pipe, it is more like a metal conduit about six feet long and the man died as a result of the beating."
 {¶ 7} Pursuant to the negotiated agreement, the trial court at sentencing imposed a total term of 20 years incarceration and the costs of prosecution.
 {¶ 8} From that judgment, appellant timely appealed. He now raises three assignments of error for review:
 {¶ 9} "I. The trial court erred by denying the defendant's motion to suppress any statements he had made to detectives during custodial interrogation.
 {¶ 10} "II. The trial court erred by failing to carefully consider the statutes that apply to every felony case at sentencing. *Page 4 
 {¶ 11} "III. Defendant was denied effective assistance of counsel at the suppression and sentencing hearings."
 {¶ 12} We address the assignments out of order. In his second assignment of error, appellant argues that the trial court failed to consider R.C. 2929.11 and 2929.12 when it imposed a sentence of 20 years incarceration. Specifically, he notes that the trial court did not request a presentence investigation report and did not orally refer to any statutory considerations when imposing the sentence.
 {¶ 13} As noted above, appellant received a jointly recommended sentence. The trial court noted the agreed-upon sentence at the sentencing hearing. Pursuant to R.C. 2953.08(D), jointly recommended sentences are not subject to appellate review unless it is not authorized by law. State v. Harris, 6th Dist. No. S-05-014,2006-Ohio-1395, ¶ 13. So long as a sentence is within the statutory range, it is authorized by law. Id.
 {¶ 14} Involuntary manslaughter and aggravated robbery are felonies of the first degree. The range of penalties for a felony of the first degree is three, four, five, six, seven, eight, nine, or ten years. R.C.2929.14(A)(1). Appellant signed a form detailing the jointly recommended sentence, demonstrating that he knew the total term of incarceration would be 20 years, in exchange for which the prosecution entered a nolle prosequi for the remaining two charges. Appellant's second assignment of error is not well-taken.
 {¶ 15} In his first assigned error, appellant argues that his motion to suppress should have been granted. In his third assigned error, he argues that his counsel was *Page 5 
ineffective at the suppression hearing and the sentencing hearing. The state argues, correctly, that appellant waived his right to appeal this error. An Alford plea is procedurally indistinguishable from a guilty plea. An Alford plea is "procedurally indistinguishable from a guilty plea in that it severely limits claimed errors to those which affect the voluntariness of the plea." State v. Leasure, 6th Dist. No. L-05-1260,2007-Ohio-100, quoting State v. Pringle (June 30, 1999), 6th Dist. No. L-98-1275; State v. Witcher, (Dec. 30, 1993), 6th Dist. No. L-92-354. Appellant's first assignment of error is not well-taken. His third assignment of error, insofar as it relates to his counsel's performance at the suppression hearing, is not well-taken.
 {¶ 16} Finally, appellant argues that his appointed counsel rendered ineffective assistance. In order to demonstrate ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus.
 {¶ 17} Due to appellant's Alford plea, we are limited to an examination of whether appellant's counsel's performance caused his plea to be less than knowing and voluntary. *Page 6 State v. Witcher, supra; State v. Nguyen, 6th Dist. No. L-05-1369,2007-Ohio-2034, ¶ 18. "[A] defendant must show that his counsel's performance was deficient, and that, but for his counsel's errors, he would not have pled guilty. Hill v. Lockhart (1985), 474 U.S. 52, 59;State v. Martin (June 24, 1997), Lawrence App. No. 96CA53, unreported. That is, the defendant must demonstrate that counsel's failure impaired the knowing and voluntary nature of the plea. United States v.Broce (1989), 488 U.S. 563, 574." Pringle, supra.
 {¶ 18} A defendant's right to due process requires the record to reflect a knowing and voluntary waiver of "(1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers." State v.Nero (1990), 56 Ohio St.3d 106, 107, citing Boykin v. Alabama (1969),395 U.S. 238, 242-243. Crim.R. 11(C) provides the procedure a trial judge must follow when accepting a guilty plea in order to protect these constitutional rights. Crim.R. 11(C)(2) provides:
 {¶ 19} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 20} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 7 
 {¶ 21} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 22} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 23} "Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. `Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id." State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 24.
 {¶ 24} Upon review of the trial court's colloquy with appellant, we find that it substantially complied with Crim.R. 11. After the trial court orally listed each right which appellant waived by entering the plea, appellant indicated that he understood. His counsel verified with the trial court that it would sentence appellant pursuant to the negotiated sentencing agreement. He asserted that he was satisfied with the adequacy of *Page 8 
his counsel and denied that anyone had made threats or promises in order to secure his plea.
 {¶ 25} Appellant argues that his counsel should have challenged the state's version of the facts given at the plea acceptance, quoted supra, because an Alford plea should not be accepted unless there is a factual basis for the plea. Alford, 400 U.S. at 38. Crim.R. 11, however, does not require the trial court to ensure that a factual basis exists for the plea. State v. Post (1987), 32 Ohio St.3d 380, 387. "[T]he court inAlford found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge." Id.
 {¶ 26} "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v.Piacella (1971), 27 Ohio St.2d 92, syllabus.
 {¶ 27} Appellant does not allege that his guilty plea was the result of coercion, deception, or intimidation; his counsel was present at the time of the plea; and his counsel's advice was competent in light of the evidence against him and the charges in the indictment. Appellant demonstrated his understanding of an Alford plea by stating: *Page 9 
"The Alford plea, it keeps me from — I'm in fear of greater charges of a situation that has certain situations that brought about this ramifications at this point, so to lessen this severity of what the situation was, that is where I'm at."
 {¶ 28} Further, although appellant alleges in his brief that the state's factual basis was a "blatant distortion," gave a "wrong image," and contained "misstatements," he does not point to particular statements which, if corrected, would not have provided a sufficient factual basis for the trial court to accept his pleas. For these reasons, appellant's third assignment of error is not well-taken.
 {¶ 29} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1