DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas in which appellant, Gregory Skiles, was found guilty of the offense of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree. The trial court sentenced appellant to a seven year term of imprisonment for the offense. Under R.C.2929.14(A)(2), an eight year term is the maximum term of imprisonment for second degree felonies. We affirm. *Page 2 
 {¶ 2} Appellant's conviction was based upon a guilty plea, made pursuant to North Carolina v. Alford, (1970), 400 U.S. 25. Under a plea agreement and in exchange for his guilty plea, the state dismissed a firearm specification for a felonious assault charge, an additional charge of intimidation of a crime victim, and a firearm specification to the intimidation charge. The state also agreed to make no recommendation as to sentence.
 {¶ 3} On appeal, appellant asserts that the trial court abused its discretion by sentencing him to a seven year term of imprisonment. He asserts two assignments of error on appeal:
 {¶ 4} "Assignment of Error No. 1: Pursuant to O.R.C. 2929.14(C), the trial court abused its discretion by imposing a seven year prison term.
 {¶ 5} "Assignment of Error No. 2: The trial court erred in weighting appellant's juvenile record equally with his adult convictions during sentencing."
 {¶ 6} At the plea hearing, the state provided a statement of facts upon which the criminal charges were based. On March 27, 2007, appellant and his brother approached Michael Melvin, while Melvin was working in his backyard. They had a longstanding feud with Melvin. Appellant's brother attempted to strike Melvin with a wooden stake or bat.
 {¶ 7} As a fight developed, appellant loaded at least two shots into a handgun. After someone yelled that there was a gun, Melvin ran towards his house. Appellant fired two shots in Melvin's direction. Neither hit Melvin. *Page 3 
 {¶ 8} Appellant then left the scene and sought help from others to dispose of the firearm. His statements to others demonstrated that he believed that he had shot someone and that he wanted to hide the gun. The firearm was never recovered.
 {¶ 9} Appellant waived any presentence investigation or report. Appellant was age 22 at the time of sentencing. He has an extensive criminal record. At sentencing, the trial court discussed the nature and scope of appellant's criminal record: "As a juvenile he was convicted of six felonies and sixteen misdemeanors. Many of these were assaultive-type offenses." After listing the prior convictions, both as a juvenile and as an adult, the trial court identified various factors considered with respect to sentence:
 {¶ 10} "So this defendant has committed a series of offenses, many of them violent offenses. He has been — he's been afforded every opportunity from probation. He's failed to avail himself of this.
 {¶ 11} "This could have easily been a homicide case. I believe that the defendant's actions were extremely dangerous and as a result, the defendant must be sentenced accordingly."
 {¶ 12} Appellant's first assignment of error is based upon R.C.2929.14(C). In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared R.C. 2929.14(C) unconstitutional and severed it from the statute. Id., at paragraphs one and two of the syllabus. After Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. "Since Foster, trial courts no longer must navigate a series of criteria that *Page 4 
dictate the sentence and ignore judicial discretion." State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 25.
 {¶ 13} Accordingly, as R.C. 2929.14(C) has been declared unconstitutional and severed from Ohio's sentencing scheme, we find appellant's Assignment of Error No. 1, which is based upon R.C.2929.14(C), not well-taken.
 {¶ 14} Under Assignment of Error No. 2 appellant argues that the trial court erred in its consideration of his juvenile criminal record at sentencing. Appellant does not claim that his juvenile record should not have been considered. Rather, he claims that it was given too much weight. Appellant claims that the trial court weighed his juvenile record on an equal basis to his adult record in imposing sentence.
 {¶ 15} There is no evidence, however, to indicate that the trial court gave improper weight to the juvenile convictions. This is not a case of isolated juvenile incidents that occurred years before. Appellant had been convicted of six felonies and sixteen misdemeanors as a juvenile. The record reflects prior convictions involving violent behavior, both as an adult and as a juvenile.
 {¶ 16} Under Foster sentencing courts are to continue to consider "the statutory considerations" or "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding."Foster, ¶ 36-42. Pertinent to this case, recidivism factors to be considered under R.C. 2929.12 include prior adjudicated delinquencies and convictions and consideration of the failure of the defendant to respond favorably to prior sanctions or "attempts at rehabilitation."Foster, ¶ 40; State v. Pennington, 12th Dist. No. CA2005-11-481, *Page 5 2006-Ohio-5376, ¶ 13-14. Seriousness factors are detailed in R.C.2929.12(B) and (C).
 {¶ 17} The dangerousness of the conduct and the fact that it easily could have resulted in a homicide are clearly pertinent under R.C.2929.11 in consideration of the statutory purpose to protect the public from future crime, need to incapacitate the appellant, and punishment.
 {¶ 18} No specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors outlined in the general guidance statutes. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304,¶ 10; State v. Teel, 6th Dist. No. S-06-011, 2007-Ohio-3570, ¶ 12.
 {¶ 19} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565."State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 20} The trial court's consideration of appellant's juvenile record was appropriate and within the factors to be considered under the general guidance statutes. Appellant's sentence is within the statutory guidelines. We conclude that the trial court did not abuse *Page 6 
its discretion in sentencing appellant to a seven year term of imprisonment. Assignment of Error No. 2 is not well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Judge, Arlene Singer, J., Judge, Thomas J. Osowik, J., Judge, CONCUR. *Page 1