DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael Kirk, appeals the judgment of the Wood County Court of Common Pleas, which upon his guilty plea convicted him of rape, a violation of R.C. 2907.02(A)(1)(b) and a felony of the first degree, and sexual battery, a violation of R.C. 2907.03(A)(5) and a felony of the third degree. Pursuant to a negotiated plea agreement, *Page 2 
in exchange for appellant's guilty plea, the state dismissed two additional counts of rape, both felonies of the first degree. Pursuant to the agreement, the state agreed to a jointly recommended sentence of ten years incarceration. At sentencing, appellant was ordered to serve a term of ten years incarceration for rape and a term of three years incarceration for sexual battery. The terms were ordered to run consecutively, for a total term of 13 years incarceration.
 {¶ 2} From that judgment, appellant appealed, and now assigns one error for review:
 {¶ 3} "The sentence imposed was contrary to law as determined byState v. Foster."
 {¶ 4} As noted above, the sentence in this case was an agreed-upon sentence. An agreed-upon sentence is not subject to appellate review unless it is not "authorized by law," pursuant to R.C. 2953.08(D).[1]State v. Harris, 6th Dist. No. S-05-014, 2006-Ohio-1395, ¶ 13. As long as the sentence imposed is within the statutory range of available sentences, it is "authorized by law." Id. The sentence of ten years incarceration for rape, a felony of the first degree, is within the statutory range for the offense. R.C. 2929.14(A)(1). Further, "an appellant waives any arguments under Apprendi, Blakely, *Page 3 
and their progeny through a jointly recommended sentencing agreement."State v. Harris, supra, at ¶ 15.
 {¶ 5} Appellant also received a three year term of incarceration for sexual battery, ordered to run consecutively to the ten year term, which is beyond the jointly recommended sentence. Having reviewed the record and the sentencing hearing transcript, we find that appellant failed to enter any objection to the application of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 6} Because appellant failed to enter an objection to Foster, Statev. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, controls. "InFoster, the court held that R.C. 2929.14(B) and 2929.19(B)(2) violate the Sixth Amendment to the United States Constitution, pursuant toBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. Foster, supra, at paragraph one of the syllabus. Under Foster, cases were remanded for resentencing where the defendant had been sentenced under the unconstitutional statutory sections. Foster, supra, at ¶ 105.
 {¶ 7} "Recently, however, the Supreme Court of Ohio revisited the issue of remand, clarifying its Foster decision. See State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. In Payne, although the defendant did not object to his post-Blakely sentence in the trial court, he appealed his sentence claiming a Sixth Amendment and aBlakely error. Payne, supra, at ¶ 5. Affirming the Tenth District Court of Appeals' decision that Payne had waived his right to appeal underBlakely, the Supreme Court of Ohio concluded that any defendant who fails to raise an objection in the trial court after *Page 4 
sentencing which occurs post-Blakely, `forfeits' a claim on appeal for aBlakely error." State v. Nickelson, 6th Dist. No. WD-06-023,2007-Ohio-6367, ¶ 72-73. See, also, State v. Davis, 116 Ohio St.3d 404,2008-Ohio-2, ¶ 376-377.
 {¶ 8} Appellant's sentencing hearing was held on February 2, 2007 — well after the Blakely and Foster decisions. Appellant did not raise any Blakely objections at the time of his sentencing, and has thus waived Foster review of his maximum sentence and the consecutive aspect of his sentence. State v. Davis, supra. His assignment of error is therefore subject to "plain error" review. Payne, supra, at ¶ 24.
 {¶ 9} To prevail on a "plain error" challenge, appellant must show that "(1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. See State v. Barnes (2000),94 Ohio St.3d 21; Crim.R. 52(B)." State v. Davis, supra, at ¶ 378.
 {¶ 10} Here, the sentences imposed were all within the statutory ranges for each offense. Reviewing the sentencing hearing, we find that the trial court properly considered the principles and purposes of sentencing and the seriousness and recidivism factors. R.C. 2929.11,2929.12. "No specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215."State v. Skiles, 6th Dist. No. L-07-1239, 2008-Ohio-597, ¶ 18. "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute.State *Page 5 v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citingHarris v. U.S. (2002), 536 U.S. 545, 565." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 11} Appellant points to oral statements by the sentencing judge at the hearing and language in the judgment entry which tracks statutory language severed as unconstitutional by Foster. See R.C. 2929.14(E)(4);Foster, 2006-Ohio-856, ¶ 65. Under a plain error analysis, however, the issue is whether, absent the judicial finding that "consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," appellant would have received a different sentence.
 {¶ 12} Absent a direct recitation of the statutory language, the sentencing court's statements would have been proper considerations of the principles and purposes of sentencing pursuant to R.C. 2929.11,2929.12. An "overriding" purpose of sentencing is the "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11. With this purpose, and considering the underlying facts of appellant's offenses, the trial court — without reciting statutory language — would have exercised appropriate judicial discretion in imposing the same sentence. Although the error in identically tracking the now-prohibited statutory language of R.C.2929.14(E)(4) is clear, it is not a "plain error," because it is not an error but for which appellant would have received a different sentence. *Page 6 
 {¶ 13} The remainder of appellant's Foster challenges on appeal is waived by his failure to enter an objection at the time of sentencing.State v. Payne, supra; State v. Davis, supra. As no plain error in sentencing occurred, appellant's sole assignment of error is not well-taken.
 {¶ 14} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] R.C. 2953.08(D) relevantly provides that "[a] sentence imposed upon a defendant is not subject to review under this section [dealing with grounds for appeal for a felony offense] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Id. *Page 1