**[Cite as *State v. Rice*, 2019-Ohio-5278.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                  Court of Appeals No. L-19-1048

      Appellee                                       Trial Court No. CR0200601328

v.

Andre Delawrence Rice                              **DECISION AND JUDGMENT**

      Appellant                                      Decided:  December 20, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Andre Delawrence Rice, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Andre Delawrence Rice, pro se, appeals the

February 13, 2019 judgment of the Lucas County Court of Common Pleas denying his

postconviction "Motion for Allied Offenses Merger Resentencing."

**{¶ 2}** The relevant facts are as follows. On September 18, 2006, appellant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of involuntary manslaughter and one count of aggravated robbery. Pursuant to an agreement with the state, appellant agreed to a 20-year imprisonment sentence. Appellant was sentenced on October 30, 2006.

**{¶ 3}** On direct appeal to this court, appellant argued that the trial court erred in denying his motion to suppress, that the court erred by failing to consider the relevant statutory factors at sentencing, and that he received ineffective assistance of counsel. Affirming the trial court we concluded that by tendering a plea appellant waived the suppression arguments, that a jointly recommended sentence that is authorized by law is valid, and that there was no indication that counsel's performance invalidated the knowing and voluntary nature of appellant's plea. *See State v. Rice*, 6th Dist. Lucas No. L-06-1343, 2007-Ohio-6529.

**{¶ 4}** Following his direct appeal, appellant filed multiple appeals from denials of postconviction petitions challenging the validity of the indictment, alleged omission of the mens rea, arguing that the judgment entries were either void or deficient by failing to reflect the agreement of the parties and failing to include the nature and length of postrelease control, and challenges to consecutive sentences including the contention that the offenses he was sentenced for were allied offenses of similar import. This court rejected the majority of these challenges based on a finding that the claims were waived by appellant's *Alford* plea or were barred by res judicata. *See State v. Rice*, 6th Dist.

2.

Lucas No. L-09-1151, 2009-Ohio-3226; *State v. Rice*, 6th Dist. Lucas No. L-10-1182, 2010-Ohio-5511; *State v. Rice*, 6th Dist. Lucas No. L-10-1120, 2011-Ohio-357; *State v. Rice*, 6th Dist. Lucas No. L-12-1127, 2012-Ohio-6250.

{¶ 5} Additionally, appellant sought habeas corpus relief in federal district court which was denied. *Rich v. Welch*, N.D.Ohio No. 3:10 CV 1916, 2014 WL 4794585 (Sept. 23, 2014). In his habeas petition, appellant raised 16 grounds for relief. Six of the grounds were found to be barred by appellant's guilty plea. *Id.* at *1. Another six of the grounds were barred by res judicata. *Id.* Two ineffective assistance of counsel claims were unavailing and two claims of actual innocence were "not cognizable." *Id.*

{¶ 6} Germane to this appeal, the district court noted that the claims barred by res judicata had already been barred in state court on the same basis. Specifically, the court concluded that appellant's argument that he was improperly convicted of allied offense crimes had been "procedurally defaulted" in state court as res judicata and, thus, was not appropriate for habeas corpus review. *Id.* at *21. The court further found that appellant's argument that he should have been sentenced to concurrent, rather than consecutive sentences, was barred. *Id.* at *24.

{¶ 7} On April 17, 2018, appellant filed the petition at issue arguing that the court failed to conduct an allied offense merger analysis and failed to make the required statutory findings prior to imposing a consecutive sentence. Appellant also argued that counsel was ineffective in failing to advise appellant of the allied offense and merger issues, by advising appellant to enter into an unconstitutional plea, and by failing to

3.

pursue the state's production of favorable exculpatory evidence, and that based on the court's and counsel's errors appellant's plea was not knowing and voluntary. Finally, appellant argued his actual innocence. Appellant requested that either the void judgment be vacated and a hearing held, or he be permitted to withdraw his plea.

{¶ 8} On February 13, 2019, the trial court dismissed the petition finding that the issues raised had either been addressed or could have been addressed in prior filings. The court further found that the postconviction petition was untimely. This appeal followed with appellant raising four assignments of error for our review:

> **Assignment of error No. One**: The Trial Court erred by plain error committing prohibited Due Process & Equal Protection of law violations of 5th & 14th Sec. 1 Amendment rights of Appellant against Double Jeopardy of the U.S. Constitution and similar provisions of the Ohio Constitution by plain error **Crim.R. 52(B)**. Where, The Trial Court erred to perform its mandatory statutory duty to conduct an allied offense of similar import analysis as to Appellant's conduct, animus and import; nor made no findings for the imposed consecutive sentencing of the purported offenses of aggravated robbery and involuntary manslaughter purported for prosecution by the State on the record during sentence, after the guilty plea was obtained, or in the sentencing journal entry as required by law. The trial court further erred by plain error in its recent judgment by failure to

4.

correct its error, and erred to assert defense counsel's ineffectiveness by plain errors as asserted by appellant.

**Assignment of error No. Two**:  Alternative relief Defense Counsel erred by committing prohibited Due Process & Equal Protection of law violations of 5th & 14th Sec. 1 Amendment rights of Appellant against Double Jeopardy of the U.S. Constitution and similar provisions of the Ohio Constitution by plain error in violation of Crim.R. 52(B) and R.C. § 2941.25(A).  Where counsel allowed identified ineffective assistance of counsel breakdowns in the adversarial testing process, by f[a]iling to advise Appellant of his constitutional sentencing rights of Allied offenses of similar import and merger and concurrent sentencing for his alleged purported crimes prior to the plea agreement, or during the sentencing hearing so Appellant could have made an informed decision as required by constitutional law.  The trial court further erred by plain error in its judgment and erred to assert defense counsel's ineffectiveness by plain errors as asserted by Appellant.

**Assignment of error No. Three**:  Alternative relief Counsel & the Trial Court erred by committing plain Error in violation of **Crim.R. 52(B) and R.C. 2941.25(A)**.  Appellant's plea was not made knowingly, intelligently, or voluntarily in the constitutional sense.  Where Appellant was denied, deprived and/or prejudiced his Due Process & Equal Protection

of law rights of advisement of his Allied offense of similar import and merger by plain error of Defense Counsel and the Trial Court as required by law pursuant to **Crim.R. 52(B)** and **R.C. 2941.25(A)**.  Violating Appellant's Due Process & Equal Protection of law rights of the 5th, 6th & 14th Sec. 1 Amendment rights of Due Process, Equal Protection, Compulsory Process, Effective Assistance of Counsel, and against Double Jeopardy by Defense Counsel and the Trial Court.  The trial court further erred by plain error in its judgment by failure to correct its error, and erred to assert defense counsel's ineffectiveness by plain errors as asserted by Appellant.

**Assignment of error No. Four**:  Prosecution erred by plain error of willful suppression of requested, court ordered visual exculpatory evidence in violation of Crim.R. 52(B) & 16, Due Process, Equal Protection, Compulsory Process and right to a Fair Trial of law of the 5th, 6th, 14th Sec. 1 Amendments to the U.S. Constitution and similar provisions of the Ohio Constitution.  Appellant asserts his actual and factual innocence pursuant to firsthand eyewitness notarized affidavit admission of guilt and facts of the case by the actual perpetrator as alternative relief.  The trial court further erred by plain error in its judgment by failure to correct its error, and erred to assert defense counsel's ineffectiveness by plain errors asserted by Appellant.

6.

{¶ 9} The postconviction statute, R.C. 2953.21(A)(2), requires that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Appellant filed his current request approximately ten years after the statutory 365-day period set forth in R.C. 2953.21(A)(2). R.C. 2953.23 sets forth specific requirements to permit consideration of the April 17, 2018 motion as an untimely and successive petition for postconviction relief. R.C. 2953.23 provides that a trial court is forbidden from entertaining untimely or successive petitions for postconviction relief unless it meets two conditions. The petitioner must first show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Then, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1); *State v. Ayers*, 6th Dist. Erie No. E-07-072, 2009-Ohio-393, ¶ 15.

{¶ 10} Our review of the denial of a postconviction petition is for whether the trial court abused its discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

7.

{¶ 11} In his April 17, 2018 petition for postconviction relief, appellant failed to address the timeliness of the petition, neither making any claims that he was unavoidably prevented from discovery of facts supporting his claim or making any assertion of a new federal or state right impacting his case. Thus, on this basis alone the trial court did not err in dismissing the petition.

{¶ 12} A cursory examination of appellant's claims regarding allied offense, merger, consecutive sentences and ineffective assistance of counsel demonstrate that they were either raised previously, as set forth above, or should have been raised on direct appeal and are barred by res judicata. Further, a freestanding claim of actual innocence is not constitutional and is not a cognizable postconviction claim. *State v. Willis*, 2016-Ohio-335, 58 N.E.3d 515 (6th Dist.)

{¶ 13} Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's motion for postconviction relief. Appellant's first, second, third, and fourth assignments of error are not well-taken.

{¶ 14} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Gene A. Zmuda, J.                                                 JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.