DECISION.
{¶ 1} Defendant-appellant Mike Gray appeals his sentence resulting from a conviction on two counts of aggravated robbery. In a case of first impression, the state contends that Gray pleaded to an "agreed sentence," making the sentence unappealable. Under R.C. 2953.08(D), an agreed sentence is not appealable. Gray contends that there was no agreed sentence, but rather a hybrid plea bargain. Gray is correct, but because the trial court nonetheless properly sentenced Gray, we affirm.
 I. Robbery of Pepper and Attempt on Rohde {¶ 2} In October 2002, Gray and Michael Watkins abducted David Pepper in front of his house. They pointed a realistic-looking BB gun at Pepper to coerce him to comply with their demands. Gray and Watkins forced Pepper to drive to several ATM machines and to withdraw cash. When Pepper had taken out his daily limit, Gray and Watkins blindfolded him and left him in his car on the street. Later that same month, Gray and Watkins approached Steven Rohde outside of his home. They pointed the realistic-looking BB gun at Rohde and insisted that he get into his car. Rohde refused. Gray and Watkins fled.
 {¶ 3} Police arrested Gray the night of the attempted robbery of Rohde. He confessed to both crimes and implicated Watkins. Gray was indicted by a grand jury on six counts: two for aggravated robbery, two for robbery, and two for attempt and kidnapping.
 {¶ 4} Gray entered into a plea bargain with the state. He pleaded guilty to the two counts of aggravated robbery. The state agreed to dismiss the remaining counts. Gray and the state agreed that the trial court would have the discretion to sentence Gray to a term of imprisonment between four and eight years. The trial court sentenced Gray to two concurrent terms of eight years.
 II. Agreed Sentence or Plea Bargain? {¶ 5} In his sole assignment of error, Gray argues that the trial court's sentence was contrary to law because the trial court failed to follow the sentencing requirements. He asserts that his agreement with the state was a plea bargain, not an agreed sentence. He further argues that the trial court considered impermissible factors and did not make the findings required by law. The state contends that there was an agreed sentence, which is not appealable.[1]
 {¶ 6} We must first address whether Gray's plea involved an agreed sentence or was merely a plea bargain. A sentence is not subject to review if the sentence is authorized by law, has been jointly recommended by the defendant and the prosecution, and is imposed by the sentencing court.[2]
 {¶ 7} The form that Gray signed in making his plea was labeled "Guilty Plea/Agreed Sentence." But the label was not dispositive. Gray agreed to a range of four to eight years of imprisonment. The range of imprisonment for aggravated robbery, a felony of the first degree, is three to ten years.[3] An agreed range falling within the statutory range does not necessarily create an agreed sentence.[4] Gray's agreement was a hybrid — part plea bargain, part agreed sentence. But in order for there to be an agreed sentence, the plea agreement must conform to the statutory requirements.
 {¶ 8} The issue of what constitutes an agreed sentence has received little judicial attention. But in all cases in which courts have found that there were "agreed sentences," the defendant had agreed to a specific term.[5] In State v. Daniels,[6] we envisioned a situation in which a defendant might have an agreed sentence with more than one suggested term. But even in Daniels, we stated that the two theoretically separate terms, contingent on whether the defendant appeared at sentencing, were specific.
 {¶ 9} There have been two cases that have dealt with nonspecific agreed sentences. In State v. Stansell,[7] the Eight Appellate District held that an agreed sentence existed where the parties had agreed to a term of twenty years to life. But Stansell dealt with the sentencing of a sexual offender with a predator specification. There, the court had to impose an indefinite prison term consisting of a range, not a specific term.[8] Thus, the agreed sentence was the exact sentence required by law. This is not the case here. More on point is the Eighth Appellate District's decision in State v. Lawson.[9] There, the court stated that an agreement in which the defendant agreed to "cap" his sentence was not an agreed sentence, but it did not discuss the issue any further. We now hold that a sentence is not an agreed sentence unless the parties agree to a specific term, as opposed to a range of possible terms.
 {¶ 10} Moreover, while Gray's sentence was authorized by law and was imposed by the sentencing court, the sentence was not jointly recommended. In his sentencing memorandum, Gray argued that he should receive only four years' imprisonment. On the other hand, the prosecution suggested eight years. There was no joint recommendation and, therefore, no agreed sentence. The sentence is therefore reviewable.
 {¶ 11} The trial court noted that this was an unusual agreement, "similar to a high-low in a civil proceeding." We agree with the trial court. While there is nothing improper in a plea bargain that limits a sentence to a "high-low" range, it is just that — a plea bargain — no more, no less.
 III. Sentencing {¶ 12} Subject to exceptions inapplicable in this case, a court must impose the shortest prison term authorized by law unless the court finds on the record that "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term" or (2) "[T]he shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[10] We may remand a case for resentencing or resentence ourselves if we find by clear and convincing evidence that the record does not support the sentence or the sentence is contrary to law.[11]
 {¶ 13} In this case, the trial court stated, "Now, the sentences here are imposed so as to not demean the seriousness of the offense and to recognize that shorter sentences would not adequately protect the public. The use of guns or the threat of its use is prohibited by law as it applies to the within case and cannot be tolerated. Intimidation, bullying, threatening and physical contact and conduct are unacceptable in a civilized society and is dealt with in a significant way with the sentences which have now been ordered." Even under the Ohio Supreme Court's recent decision in State v. Comer,[12] R.C. 2929.14(B) does not require that the trial court give further reasons for finding that the minimum sentence would demean the seriousness of the offense or that the public will not be adequately protected.[13]
 {¶ 14} The trial court did not impose the maximum sentence of ten years in this case. It did not impose consecutive sentences. Either of those sentences would have required further discussion of the statutorily enumerated findings. But since the court properly announced that the sentences were being imposed so as not to demean the seriousness of the offense and to protect the public, the court made sufficient findings at the sentencing hearing.
 {¶ 15} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., concurs.
Gorman, J., concurs separately.
[1] R.C. 2953.08(D).
[2] Id.
[3] R.C. 2929.14(A)(1).
[4] See State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749.
[5] See State v. Amato, 9th Dist. No. 03CA0002-M, 2003-Ohio-4148; Statev. Wilkinson, 5th Dist. No. CT2003-0003, 2003-Ohio-5025; State v. Krupa, 7th Dist. No. 02 BA 25, 2003-Ohio-3554; State v. Engleman (Aug. 18, 2000), 1st Dist. No. C-990845.
[6] Daniels, supra.
[7] (Apr. 20, 2000), 8th Dist. No. 75889.
[8] See R.C. 2971.03(A)(3).
[9] 2nd Dist. No. 19643, 2003-Ohio-3775.
[10] R.C. 2929.14(B).
[11] R.C. 2953.08(G).
[12] 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
[13] See id.; State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131.