OPINION
{¶ 1} Defendant-appellant, Robert Miniard, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief after he pled guilty to various drug-related charges. For the reasons outlined below, we affirm.
 {¶ 2} In December 2004, deputies from the Butler County Sheriff's Office entered and searched appellant's residence in Oxford, Ohio. The deputies seized evidence believed to be consistent with drug manufacture and use. Appellant was indicted in February 2005. The indictment charged appellant with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a third-degree felony (count one); one count of aggravated possession of drugs in violation of R.C. 2925.11, a fifth-degree felony (count two); one count of aggravated possession of drugs in violation of R.C.2925.11, with a major drug offender ("MDO") specification, a first-degree felony (count three); and one count of tampering with evidence in violation of R.C. 2921.12(A)(2), a third-degree felony (count four).
 {¶ 3} In September 2005, appellant pled guilty to all four charges pursuant to a plea agreement with the prosecution. The parties agreed to a sentence of seven years on count three, aggravated possession of drugs, which was reduced to a second-degree felony. The plea agreement provided that sentencing on all remaining counts would run concurrently with count three, and that the MDO specification on count three would be dismissed.
 {¶ 4} The trial court accepted appellant's guilty plea and sentenced him based upon the stipulations set forth in the record. The court imposed a four-year prison term on count one, an 11-month term on count two, a seven-year term on count three, and a four-year term on count four. The court ordered that all prison terms were to be served concurrent with the seven-year sentence imposed on count three.
 {¶ 5} Appellant did not directly appeal the trial court's judgment entry of guilt or the imposed sentence. On March 2, 2006, appellant filed a petition for postconviction relief ("PCR"). The trial court denied the petition. Appellant timely appealed the trial court's denial of his PCR petition, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE COURT ERRED IN IMPOSING A TERM GREATER THAN THE MINIMUM PERIOD OF INCARCERATION WITHOUT MAKING FINDINGS AS REQUIRED BY 2929.14, AND 2929.11(B) THAT REQUIRES THAT SENTENCE IMPOSED BE CONSISTENT WITH OTHERS CONVICTED OF SIMILAR CRIMES."
 {¶ 8} Appellant insists that the trial court failed to ensure that his sentence was "consistent with sentences imposed for similar crimes committed by similar offenders[,]" as required by R.C. 2929.11(B).
 {¶ 9} Appellant fails to mention that this case involves an agreed sentence. A sentence is not reviewable where it is authorized by law, recommended jointly by the defense and the prosecution, and imposed by a sentencing judge. R.C. 2953.08(D)(1). See, also, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 24; State v. Porterfield,106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. Our analysis thus begins with determining whether appellant's sentence is reviewable by this court.
 {¶ 10} We have previously held that a sentence is "authorized by law" under R.C. 2953.08(D) as long as the prison term imposed is not greater than the maximum term prescribed by statute for the offense. See, e.g.,State v. Hawkins, Fayette App. No. CA2005-07-024, 2006-Ohio-7038, ¶ 9;State v. Ruggles (Sept. 11, 2000), Clinton App. No. CA99-09-027, at 13;State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, at 4. See, also, State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21,1999 WL 84868, at *3. Appellant's sentences do not exceed the maximum allowable terms, and are thus "authorized by law" for purposes of this analysis.[1]
 {¶ 11} The record indicates that appellant's sentence was recommended jointly by the defense and the prosecution. As the Ohio Supreme Court observed, in enacting R.C. 2953.08(D) "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate."Porterfield, at ¶ 25. The plea agreement was reduced to writing and executed the same day as the September 2005 plea hearing. The agreement was signed by appellant, defense counsel, and the prosecution. Under its terms, the parties stipulated to the necessary findings under R.C.2929.14(B)(2): "Parties stipulate that the shortest prison term would demean the seriousness of [appellant's] conduct and will not adequately protect the public from future crimes by [appellant] and others[.]" The parties also stipulated that appellant was involved in organized criminal activity.
 {¶ 12} The plea agreement provided that count three of the indictment, aggravated possession of drugs with a MDO specification, would be reduced to a second-degree felony. The specification would thereby be dismissed. Under the agreement, appellant would serve a seven-year sentence on count three, and the sentences for the remaining counts would run concurrently with the sentence for count three. The sentence imposed by the trial court aligned with the terms of the jointly-recommended sentence. "Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Porterfield at ¶ 25.
 {¶ 13} Finally, appellant's agreed-upon sentence was indeed imposed by a sentencing judge. Because all three prongs of R.C. 2953.08(D) are met, appellant's sentence is not reviewable by this court. Nonetheless, we may still review the voluntariness of appellant's guilty plea pursuant to Crim.R. 11. Henderson, Warren App. No. CA99-01-002 at 5. We shall address this issue under appellant's second assignment of error, where it was raised.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT NOT TO BE PLACED TWICE IN JEOPARDY WHEN THE TRIAL COURT INCREASED HIS SENTENCE BY DESIGNATION `MAJOR DRUG OFFENDER' WITH OUT (SIC) JUSTIFICATION FOR DOING SO. THE DECISION WAS ARBITRARY AND UNREASONABLE FOR THE FOLLOWING REASONS."
 {¶ 17} Appellant's second assignment of error, though worded in terms of double jeopardy, actually challenges the voluntariness of his guilty plea. In so doing, appellant maintains that he signed the plea agreement "in a stupor of frustrated confusion[,]" and that the prosecution took advantage of his befuddled mental state at that time. Appellant also contests the MDO specification as unsupported by the evidence.
 {¶ 18} We first note that the MDO specification was dismissed as part of the plea agreement. According to appellant's judgment entry of guilt, the court accepted the plea agreement as written. Consequently, count three was reduced to a second-degree felony, and the MDO specification was dismissed because it was no longer applicable to the charge. Appellant was accordingly sentenced for a second-degree felony which did not include the specification. Appellant's argument that the specification was unsupported by the evidence is therefore irrelevant.
 {¶ 19} We now turn to the voluntariness of appellant's guilty plea. Prior to accepting a guilty plea, the trial court must personally address the defendant to determine that the plea is made voluntarily. Crim.R. 11(C)(2). The court must ensure that the defendant comprehends the crimes charged, the maximum penalties, and his ineligibility for probation or community control sanctions, if applicable. Id. The court must also ensure that the defendant understands the court may enter judgment and impose sentence upon acceptance of the guilty plea. Id. Additionally, the court must determine that the defendant understands the constitutional rights he is waiving by submitting a guilty plea. Id.
 {¶ 20} The record reveals that the trial court engaged in a meaningful plea colloquy with appellant at the September 2005 plea hearing. The court explained the charges and maximum penalties and determined that appellant understood both. The court asked whether appellant's daily medication made it difficult for him to focus or to understand or to communicate with the court. Appellant answered in the negative. Appellant stated that he was entering the guilty plea of his own free will, and that he was not promised anything in exchange for his plea other than what was specified in the plea agreement. Appellant also indicated that he was not threatened or coerced into pleading guilty.
 {¶ 21} In addition, appellant affirmed that he had discussed the charges and potential penalties with his attorney, and that he understood the charges and maximum penalties. The court reviewed the terms of the plea agreement in detail, including the stipulations. The court asked whether appellant did in fact sign the guilty plea form, whether he read the form before signing it, whether he discussed the form with his attorney, and whether his attorney had satisfactorily answered his questions. Appellant answered yes to each of the court's inquiries. Appellant also indicated that he understood the contents of the form and the effect of it. Appellant expressed his understanding that he would receive a seven-year prison sentence. He also stated that he understood the constitutional rights he was surrendering by pleading guilty.
 {¶ 22} Following this exchange, the trial court accepted appellant's guilty plea as knowingly, intelligently, and voluntarily made. This conclusion is supported by the record. Although appellant now asserts that he signed the guilty plea form in a state of frustrated confusion, he did not express such confusion regarding the plea or the consequences thereof during the hearing. We conclude that appellant's guilty plea was in fact knowing, intelligent, and voluntary.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The maximum prison terms for appellant's offenses are as follows: Illegal assembly or possession of chemicals for the manufacture of drugs, a third-degree felony, maximum five years. Aggravated possession of drugs, a fifth-degree felony, maximum 12 months. Aggravated possession of drugs, a second-degree felony by agreement of the parties in this case, maximum eight years. Tampering with evidence, a third-degree felony, maximum five years. See R.C. 2929.14(A).