DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which sentenced defendant-appellant, Jeffrey Lamont Eskridge, to three years incarceration after he entered a plea of no contest to one count of felonious assault, a second degree felony. Appellant now challenges that judgment through the following assignments of error:
 {¶ 2} "Assignment of Error Number One: *Page 2 
 {¶ 3} "The trial court erred in denying appellant's motion to dismiss on speedy trial grounds[.]
 {¶ 4} "Assignment of Error Number Two"
 {¶ 5} "The sentence imposed by the trial court was excessive and contrary to law when the sentence exceeded the minimum term of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme."
 {¶ 6} On June 23, 2005, appellant was indicted and charged with one count of felonious assault in violation of R.C. 2903.11(A)(2), as a result of a shooting incident that occurred on December 11, 2004. He had previously been arrested on June 15, 2005 on that charge. On June 29, 2005, appellant was arraigned and entered a plea of not guilty. The court also scheduled a pretrial for July 13, 2005, at appellant's request. Then, on July 1, 2005, appellant filed a discovery request and a motion for a bill of particulars. Subsequently, on July 13, the previously scheduled pretrial was rescheduled for August 17, 2005, again at the request of appellant. The state filed its discovery response on July 20, 2005. Thereafter, on August 15, 2005, appellant filed a motion to suppress. Then at the previously scheduled August 17, 2005 pretrial, appellant requested that the matter be rescheduled for a hearing on the motion to suppress. The court rescheduled that hearing for September 9, 2005. When that hearing proceeded as scheduled, appellant withdrew his motion to suppress, and the matter was set for trial on September 21, 2005. On September 21, 2005, however, the trial date was continued on the court's own motion. The order reflecting that continuance reads in relevant part: "Upon the Court's own *Page 3 
motion trial date to continue. Pursuant to R.C. 2945.02, ends of justice required continuance." The court then rescheduled the trial for October 26, 2005.
 {¶ 7} On October 26, 2005, the lower court was evidently involved in another trial. As such, the present case did not proceed to trial until the next day, October 27. On that day, however, appellant filed a motion to dismiss on the ground that he had been denied his right to a speedy trial. The lower court heard arguments on the motion and then denied it, finding that appellant's right to a speedy trial had not been violated. Appellant then changed his plea from not guilty to no contest. As part of the plea negotiation, the state recommended a sentence of three years. The court subsequently accepted appellant's no contest plea and found him guilty of felonious assault.
 {¶ 8} On November 30, 2005, the case proceeded to a sentencing hearing. At that hearing, the state and appellant both recommended a three year sentence. The court then followed that joint recommendation and sentenced appellant to three years incarceration. In imposing sentence, the lower court expressly found, pursuant to R.C. 2929.14(B), that given appellant's criminal record, the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. Appellant now appeals.
 {¶ 9} In his first assignment of error, appellant asserts that the lower court erred in denying his motion to dismiss on speedy trial grounds. Appellant contends that he was in custody for 134 days, of which 37 days were tolled due to his filing a request for discovery and a bill of particulars and his filing a motion to suppress. We find that appellant's calculations are in error. *Page 4 
 {¶ 10} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. State v. Adams (1989), 43 Ohio St.3d 67, 68. This court is required to independently review the issue of whether an accused was deprived of his right to a speedy trial, strictly construing the law against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53,57. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony shall be brought to trial within 270 days of his arrest. Further, each day an accused is held in jail in lieu of bail on the pending charge is counted as three days for purposes of computing the time limit. R.C. 2945.71(E). Therefore, if an accused is held in jail for the entire time from arrest to trial, he must be brought to trial within 90 days. The time by which an accused must be brought to trial, however, may be tolled under certain conditions, including "[a] ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused [,]" R.C. 2945.72 (E), and "[t] he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C.2945.72(H). Accordingly, an accused's demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). State v.Brown, 98 Ohio St.3d 121, 124, 2002-Ohio-7040, ¶ 26. Similarly, an accused's filing of a motion to suppress tolls the time by which the accused must be brought to trial. State v. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, ¶ 25; State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 44. Finally, where an accused requests a continuance of a pretrial, that request tolls the statutory speedy trial period from the date of the request until the date of the rescheduled hearing. State v.Covington (Dec. 17, 1999), 6th Dist. No. L-97-1196. *Page 5 
 {¶ 11} In the proceedings below, appellant and the state agreed that as of October 27, 2005, appellant had been in custody for 134 days. Accordingly, appellant made a prima facie showing of a speedy trial violation and the burden shifted to the state to establish the existence of any tolling events. The state met its burden.
 {¶ 12} The speedy trial time was first tolled when appellant requested discovery and a bill of particulars on July 1, 2005. Before the state filed its discovery response on July 20, 2005, however, the case came for a pretrial on July 13, 2005. That pretrial was then rescheduled for August 17, 2005, at appellant's request, another tolling event. Before that date, however, on August 15, 2005, appellant filed a motion to suppress, yet another tolling event. Finally, at the pretrial scheduled for August 17, 2005, appellant requested that the matter be rescheduled for a hearing on the motion to suppress, thus again tolling the time by which he had to be brought to trial. The matter came before the court for a hearing on the motion to suppress on September 9, 2005, at which time appellant withdrew his motion to suppress and the court scheduled the matter for trial.
 {¶ 13} By our count, given the overlap in tolling events, appellant's speedy trial time was tolled from July 1, 2005 until September 9, 2005, for a total of 70 days (excluding the actual day that appellant filed his request for discovery and bill of particulars). As the parties agreed that appellant had been in jail for 134 days awaiting trial, 70 of those days were chargeable to appellant, leaving 64 days chargeable to the state, well within the 90 day limit. Accordingly, appellant's right to a speedy trial was not violated and the trial court did not err in denying appellant's motion to dismiss. The first assignment of error is not well-taken. *Page 6 
 {¶ 14} In his second assignment of error, appellant challenges his three year sentence as excessive and contrary to law. He contends that the sentence was contrary to law because the trial court supported its greater than minimum sentence by making findings that were declared unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 15} As noted above, the trial court imposed the three year sentence upon the joint recommendation of appellant and the state. R.C.2953.08(D)(1) reads: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, under this statute, an appellate court has a limited ability to review agreed upon/jointly recommended sentences. State v. Spurling, 1st Dist. No. C-060087,2007-Ohio-858, ¶ 15. A sentence is authorized by law when it is within the statutory range of available sentences. State v. Baker, 6th Dist. No. WD-05-033, 2006-Ohio-3611, ¶ 5. As a result, R.C. 2953.08(D) precludes an appellate court from engaging in a review of any agreed sentence so long as it is within the statutory range, even ifFoster is implicated. State v. Simmons, 1st Dist. No. C-050817,2006-Ohio-5760, ¶ 4, citing State v. Jackson, 8th Dist. No. 86506,2006-Ohio-3165, ¶ 51-53.
 {¶ 16} In the present case, the three year sentence imposed upon appellant was within the statutory range for a felony of the second degree. See R.C. 2929.14(A)(2). Accordingly, despite the improper findings made by the trial judge, this court lacks the authority to review this sentence. The second assignment of error is not well-taken. *Page 7 
 {¶ 17} On consideration whereof, appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1