THE STATE OF OHIO, APPELLANT, *v.* UNDERWOOD, APPELLEE.

[Cite as *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1.]

*Criminal law — Sentencing — "Authorized by" or "contrary to" law — Allied offenses of similar import — R.C. 2953.08(D)(1) does not bar appellate review of a sentence imposed in violation of R.C. 2941.25(A) even though it was jointly recommended by the parties — Judgment affirmed.*

(Nos. 2008-2133 and 2008-2228 — Submitted September 1, 2009 — Decided January 5, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. 22454, 2008-Ohio-4748.

_____

**SYLLABUS OF THE COURT**

1. When a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

2. A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.

_____

**LANZINGER, J.**

{¶ 1} This case presents us with the question of whether R.C. 2953.08(D)(1)[1] precludes an appeal of a jointly recommended sentence when that

_____

1. The version of R.C. 2953.08(D) in effect at the time Underwood committed his offenses stated: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is

sentence includes multiple counts of allied offenses of similar import. Because we conclude that such a sentence is not authorized by law, and is therefore appealable, we affirm.

**Case Background**

{¶ 2} Richard Underwood, the appellee, was originally indicted on August 1, 2006, on one count of aggravated theft, a felony of the third degree, and two counts of theft, felonies of the fifth degree. A supplemental indictment, identified as the "B" indictment, was returned on January 16, 2007, for another count of aggravated theft, also a felony of the third degree. Underwood, therefore, faced a total of four counts.

{¶ 3} The third-degree felony charges in count one and the "B" indictment cover events occurring in 2005 when Underwood did not fulfill his agreements to build or remodel homes and retained the victims' downpayments totaling more than $100,000. Count one alleged aggravated theft by deception, a violation of R.C. 2913.02(A)(3). The "B" indictment charged aggravated theft by exerting control over the property beyond the scope of the victims' consent, a violation of R.C. 2913.02(A)(2). Similarly, counts two and three of the August 2006 indictment charged Underwood with theft from his employer of more than $500 on March 3, 2003. As with the third-degree felony counts, one fifth-degree felony theft count alleged theft beyond the scope of the owner's consent, while the other alleged theft by deception. Thus, although Underwood faced four separate counts, they relate to only two acts: theft of over $100,000 from the same victims and theft of over $500 from his employer.

authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5707, 5813. The first sentence, which is at issue in this case, was redesignated as (D)(1) by Am.Sub.H.B. No. 95 of the 126th General Assembly, effective August 3, 2006. For ease of discussion, we will refer to the current version of R.C. 2953.08.

**{¶ 4}** On the day of trial, Underwood entered pleas of no contest to the four counts. Although the plea documents did not mention any sentencing agreement, Underwood acknowledged that he had agreed to a sentencing bargain: If he paid $40,000 in restitution before his sentencing, he would either serve local incarceration as part of a term of community control or serve a prison term of no more than two years, with the state not opposing judicial release. If he failed to pay $40,000 in restitution before sentencing, he would lose the option of community control and would be sentenced to a prison term not to exceed two years.

**{¶ 5}** Before the sentencing hearing was held, the state filed a sentencing recommendation asking that Underwood be ordered to pay $112,488.34 in restitution and be sentenced to serve a minimum of two years in prison.[2] The state also noted, "The two counts in each of the different categories of thefts would be considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts."

**{¶ 6}** Underwood admitted at his sentencing hearing that he had not paid any restitution. The trial court then sentenced him to a prison term of one year on count one, six months each on counts two and three, and two years on the sole count in the "B" indictment. The court ordered all sentences to be served concurrently for an aggregate sentence of two years.[3] Although the sentencing recommendation had referred to them, there was no discussion of allied offenses at the hearing.

---

2. The state's sentencing recommendation of "a minimum of two years' incarceration" appears to violate the terms of the plea agreement, in which the state agreed to a sentence "not to exceed two years" if Underwood failed to pay any restitution before sentencing. Underwood did not raise this issue on appeal.

3. The court, however, ordered the aggregate sentence to be served consecutively to a sentence from another case, which is not part of this appeal.

**{¶ 7}** On appeal, appointed counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting that there were no meritorious issues to argue. The Second District Court of Appeals, in its independent review, identified and ordered briefing on whether the trial court had violated R.C. 2941.25(A) by imposing a sentence on each of the four counts for which Underwood was found guilty. In his supplementary brief, Underwood argued that the trial court had committed plain error by imposing multiple sentences for allied offenses of similar import and that he had received ineffective assistance of counsel because his attorney had failed to object to a sentence that contained multiple sentences for allied offenses of similar import. The state responded that Underwood had waived any claim of error with regard to allied offenses and that his sentence was not reviewable on appeal because it was imposed pursuant to a plea agreement, which included a sentence jointly recommended by the parties. The state also argued that Underwood did not suffer any prejudice because the trial court had imposed concurrent sentences and did not, therefore, commit plain error.

**{¶ 8}** The court of appeals determined that R.C. 2953.08(D)(1) did not bar review of Underwood's sentence. *State v. Underwood*, 2d Dist. No. 22454, 2008-Ohio-4748, ¶ 26. The court reasoned, "Because the required merger of convictions must precede any sentence the court imposes upon a conviction, [Underwood's] agreement to the multiple sentences the court imposed could not waive his right to the prior merger that R.C. 2941.25 requires. Neither could his no contest pleas waive his right to challenge his multiple convictions on double jeopardy grounds." Id. at ¶ 23. The court of appeals concluded that, in light of the state's concession that the offenses were allied offenses of similar import, Underwood's multiple sentences were not authorized by law. It therefore vacated the convictions for counts one and three. Id. at ¶ 30.

4

**{¶ 9}** Upon the state's motion, the Second District Court of Appeals certified its decision as being in conflict with decisions from the Third, Eighth, Tenth, and Twelfth District Courts of Appeals on the following issue: "Is an agreed and jointly recommended sentence 'authorized by law' under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied offenses of similar import?" We accepted the conflict and the state's discretionary appeal. *State v. Underwood*, 120 Ohio St.3d 1484, 2009-Ohio-278, 900 N.E.2d 196, and 120 Ohio St.3d 1486, 2009-Ohio-278, 900 N.E.2d 197.

**Legal Analysis**

*Appellate Rights — R.C. 2953.08*

**{¶ 10}** A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):

**{¶ 11}** "In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

**{¶ 12}** "* * *

**{¶ 13}** "(4) The sentence is contrary to law."

**{¶ 14}** Subsection (D)(1) provides an exception to the defendant's ability to appeal:

**{¶ 15}** "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶ 16}** In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the

agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

{¶ 17} The parties do not contest the first two conditions but contest the third. Underwood acknowledges that his plea agreement provided that if he did not pay $40,000 in restitution before sentencing, he would not receive community control and instead would be sentenced to no more than two years in prison.[4] At the sentencing hearing, the trial court confirmed that Underwood had not paid restitution and therefore did impose an aggregate two-year prison term.

{¶ 18} The state argues that R.C. 2953.08(D)(1) bars appellate review of sentences jointly recommended by the state and defendant even if the agreed sentence includes convictions for offenses that are allied offenses of similar import. The issue is whether Underwood's sentence is "authorized by law." If it is not, then R.C. 2953.08(D)(1)'s exception to appealability does not apply.

*Authorized by Law — R.C. 2953.08(D)(1)*

{¶ 19} We begin with the meaning of "authorized by law." The term is not defined in R.C. 2953.08. Several courts of appeals have held that a sentence is authorized by law within the meaning of the statute simply if the sentence falls within the statutory range for the offense. *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 70; *State v. Bristow* (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 WL 84868, *3; *State v. Jackson*, 8th Dist. No. 86506, 2006-Ohio-3165, ¶ 49; *State v. Henderson* (Sept. 27, 1999), 12th Dist. No. CA99-01-002, 1999 WL 761002, *2.

{¶ 20} We do not agree with such a narrow interpretation of "authorized by law." Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions,

---

4. At least one court of appeals has held that a plea agreement in which a defendant has agreed to be sentenced within a certain range, but not to a specific prison term, is not an agreed sentence for purposes of R.C. 2953.08(D). See *State v. Gray*, 1st Dist. No. C-030132, 2003-Ohio-5837, ¶ 9. That issue has not been raised in this case.

such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. See, e.g., *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. See *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 ("Every judge has a duty to impose lawful sentences").

{¶ 21} Underwood argues that the term "authorized by law" is simply the inverse of "contrary to law." We do not agree, because the structure of R.C. 2953.08 distinguishes between these terms. Both the state and the defendant have an appeal as of right if a sentence is "contrary to law." R.C. 2953.08(B)(2); R.C. 2953.08(A)(4). But a defendant has no right to appeal an agreed-upon sentence unless the sentence is not "authorized by law." R.C. 2953.08(D)(1). We conclude that when a sentence fails to include a mandatory provision, it may be appealed because such a sentence is "contrary to law" and is also not "authorized by law."

{¶ 22} Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.

*Allied Offenses — R.C. 2941.25*

**{¶ 23}** Because a sentence is authorized by law only if it comports with all mandatory sentencing provisions, we must now determine whether the directive in R.C. 2941.25 contains such a provision. R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense. The statute states:

**{¶ 24}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶ 25}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 26}** R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. See *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 43; *State v. McGuire* (1997), 80 Ohio St. 3d 390, 399, 686 N.E.2d 1112. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does

not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

{¶ 27} We have acknowledged that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. However, *Porterfield* did not involve a mandatory sentencing provision, but merely the discretionary decision to impose consecutive sentences. Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct. For this reason, a trial court is required to merge allied offenses of similar import at sentencing. Thus, when the issue of allied offenses is before the court, the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses.

{¶ 28} The state complains that allowing a defendant to appeal in this situation will stifle the practice of plea bargaining and will threaten the finality and reliability of plea agreements. This concern appears overstated. It should be noted that currently, trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence. See *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.

{¶ 29} With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, we note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to

determine whether the offenses are allied, and if they are, to convict the defendant of only one offense. Nevertheless, if a trial court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence.

{¶ 30} In this case, the state acknowledged that count one of the August 2006 indictment and the sole count in indictment "B" were allied offenses of similar import and that counts two and three of the August 2006 indictment were also allied. Therefore, the trial court was required under R.C. 2941.25 to merge the sentences for convictions of only one count of aggravated theft and one count of theft.

*Plain Error*

{¶ 31} Finally, the state argues that where a defendant is sentenced to a jointly recommended sentence pursuant to a plea agreement, the failure to merge convictions on allied offenses cannot be said to constitute plain error. We disagree. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We have previously held that imposition of multiple sentences for allied offenses of similar import is plain error. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102. Justice O'Donnell's dissent focuses on the fact that Underwood received the benefit for which he bargained. It is argued that the court's sentencing on each count had no practical or prejudicial effect on Underwood. After all, two years is two years. However, even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law. *State v. Gibson*, Cuyahoga App. No. 92275, 2009-Ohio-4984, ¶ 29; *State v. Coffey*, Miami App. No. 2006 CA 6, 2007-Ohio-21, ¶ 14; *State v. Thompson* (July 23, 1999), Washington App. No. 98 CA,10, 1999 WL 552646, *7; *State v. Gilmore*, Hamilton App. Nos. C-070521 and C-070522, 2008-Ohio-3475, ¶ 17.

**{¶ 32}** Justice Cupp's dissent asserts that "Underwood's agreement to the sentence here should be characterized as a specific waiver of the ability to challenge the sentence." We have held that " 'courts indulge every reasonable presumption *against* waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." (Emphasis added.) *State v. Adams* (1989), 43 Ohio St.3d 67, 69, 538 N.E.2d 1025, quoting *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, quoting *Aetna Ins. Co. v. Kennedy* (1937), 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177, and *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio* (1937), 301 U.S. 292, 307, 57 S.Ct. 724, 81 L.Ed. 1093. There is nothing in the record that demonstrates that Underwood was informed that he was agreeing to be convicted of allied offenses, thereby waiving his constitutional right to be free from double jeopardy.

## Conclusion

**{¶ 33}** We hold that R.C. 2953.08(D)(1) does not bar appellate review of a sentence that has been jointly recommended by the parties and imposed by the court when the sentence includes multiple convictions for offenses that are allied offenses of similar import. We, therefore, answer the certified question in the negative and affirm the judgment of Court of Appeals for Montgomery County.

Judgment affirmed.

MOYER, C.J., and PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., dissent.

————————————

**O'CONNOR, J., concurring.**

**{¶ 34}** I concur in the conclusion that R.C. 2953.08(D)(1) does not bar appellate review of a sentence that has been jointly recommended by the parties

and imposed by the court when the sentence includes convictions for offenses that are allied offenses of similar import.

{¶ 35} I write separately, however, to emphasize my view that allied offenses are merged at sentencing solely for the purpose of sentencing.

MOYER, C.J., concurs in the foregoing opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 36} Respectfully, I dissent.

{¶ 37} The Second District Court of Appeals agreed with the state of Ohio that its decision in this case conflicted with judgments of the Third, Eighth, Tenth, and Twelfth District Courts of Appeals, and it certified the following question to the Supreme Court for resolution:

{¶ 38} "Is an agreed and jointly recommended sentence 'authorized by law' under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied offenses of similar import?"

**Appealability of a Felony Sentence**

{¶ 39} R.C. 2953.08(A) provides:

{¶ 40} "In addition to any other right to appeal and *except as provided in division (D) of this section*, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

{¶ 41} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of

the Revised Code, and the court imposed the sentence under one of the following circumstances:

**{¶ 42}** "(a) The sentence was imposed for only one offense.

**{¶ 43}** "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.

**{¶ 44}** "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.

**{¶ 45}** "(3) The person was convicted of or pleaded guilty to a violent sex offense or a designated homicide, assault, or kidnapping offense, was adjudicated a sexually violent predator in relation to that offense, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, 'designated homicide, assault, or kidnapping offense' and 'violent sex offense' have the same meanings as in section 2971.01 of the Revised Code. As used in this division, 'adjudicated a sexually violent predator' has the same meaning as in section 2929.01 of the Revised Code, and a person is 'adjudicated a sexually

violent predator' in the same manner and the same circumstances as are described in that section.

{¶ 46} "(4) The sentence is contrary to law.

{¶ 47} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(a) of section 2929.14 of the Revised Code.

{¶ 48} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code." (Emphasis added.)

{¶ 49} Importantly, for purposes of review here, the statute carves out an all-inclusive exception in R.C. 2953.08(D)(1), which states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 50} The R.C. 2953.08(D)(1) exception applies if three conditions are satisfied: the sentence is authorized by law, it has been jointly recommended by the parties, and it is imposed by the court.

{¶ 51} As we explained in *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37, "[a] cardinal rule of statutory interpretation is that '[a] court must look to the language and purpose of the statute in order to determine legislative intent.' *State v. Cook* (1998), 83 Ohio St.3d 404, 416, 700 N.E.2d 570. '[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.' *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus." Further, as the court noted in *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 18, "courts are not free to delete or insert other words."

{¶ 52} Notably, the exception to the appealability of sentences provided in R.C. 2953.08(D)(1) does not contain an exclusion for allied offenses. The General Assembly could have created such an exclusion, but it did not. Our duty is to apply the statute as written, not to read words into it that are not there. See *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37; *Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 18.

{¶ 53} In *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, we addressed the appealability of a jointly recommended sentence in the context of a trial court that failed to make findings in connection with imposing a consecutive sentence. Justice O'Connor, writing for the court, there stated:

{¶ 54} "Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. * * * The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Id. at ¶ 25.

{¶ 55} The parties here do not dispute that the prosecuting attorney prepared and filed a written sentencing recommendation seeking a two-year term of incarceration, or that Underwood and his attorney agreed to that sentence. Also, there is no dispute that the trial court imposed that sentence. At issue here is whether a recommended and agreed-upon sentence is authorized by law when it includes convictions for allied offenses.

### Authorized by Law

{¶ 56} The phrase "authorized by law" refers to the punishment for an offense that the General Assembly has authorized a trial court to impose. For the offenses at issue in this case, the General Assembly has authorized in R.C. 2929.14(A)(3) a penalty for aggravated theft, a felony of the third degree, of one,

two, three, four, or five years, and in R.C. 2929.14(A)(5) a penalty for theft, a felony of the fifth degree, of six, seven, eight, nine, ten, 11, or 12 months.

{¶ 57} The sentence imposed by the trial court in this case conforms to those statutes and has therefore been authorized by the legislature. The court imposed concurrent terms of incarceration of two years for aggravated theft in violation of R.C. 2913.02(A)(2) for an amount over $100,000, one year for aggravated theft in violation of R.C. 2913.02(A)(3) involving theft of the same amount, and six months for each of the two theft counts in violation of R.C. 2913.02(A)(2) and (3), each involving an amount over $500.

{¶ 58} Notably, every appellate district in Ohio – but for the Second District in this case – has similarly concluded that a sentence is authorized by law if it is within the statutory range of possible sentences established by the legislature. See *State v. Royles,* 1st Dist. Nos. C-060875 and C-060876, 2007-Ohio-5348, ¶ 8; *State v. Giesey,* 3d Dist. No. 5-06-31, 2006-Ohio-6851, at ¶ 9; *State v. Duran,* 4th Dist. No. 06CA2919, 2007-Ohio-2743, at ¶ 11; *State v. Starner,* 5th Dist. No. CT2006-0038, 2007-Ohio-1219, at ¶ 9-13; *State v. Eskridge,* 6th Dist. No. L-06-1013, 2007-Ohio-4712, at ¶ 15; *State v. Smith,* 7th Dist. No. 06-BE-64, 2007-Ohio-5244, at ¶ 43; *State v. Montgomery,* 8th Dist. No. 83914, 2008-Ohio-443, at ¶ 8*; State v. Mangus,* 9th Dist. No. 23666, 2007-Ohio-5033, at ¶ 10; *State v. Billups,* 10th Dist. No. 06AP-853, 2007-Ohio-1298, at ¶ 6; *State v. Owens,* 11th Dist. No. 06 JE 50, 2008-Ohio-3071, at ¶ 7; *State v. Miniard,* 12th Dist. No. CA2006-03-074, 2007-Ohio-458, at ¶ 10.

{¶ 59} The majority opinion cleverly conflates the phrase "authorized by law" with the phrase "contrary to law." While the former refers to what the General Assembly of this state has provided as a punishment for an offense, the latter is a description of an act taken by a court that imposes punishment that does not conform with what the legislature has prescribed. See, e.g., *State v. Lodge*, Montgomery App. No. 2004 CA 43, 2005-Ohio-1908, ¶ 64. See also Griffin &

Katz, Ohio Felony Sentencing Law (2008) 1211, Section 10:8 ("Ignoring an issue or factors which a statute requires a court to consider renders the resulting judgment 'contrary to law' ").

{¶ 60} It is almost as if the majority seeks to challenge past decisions of this court holding that a contrary-to-law judgment is void and to propose that it should be voidable. Using examples of postrelease control and imposition of consecutive sentences – not at issue here – the majority has managed to go far afield of the narrow issue in this case: whether R.C. 2953.09(D)(1), the exception to the right of a defendant to appeal a felony sentence, itself contains an exclusion for allied offenses. Even a cursory review reveals that it does not. And for good reason. Underwood entered into a plea-bargained arrangement with the state and received exactly what he bargained for. Furthermore, he neither asked the court to merge the sentences as allied offenses nor objected at the time of sentencing on that basis and has now forfeited that right.

*Enforceability of a Plea Bargain*

{¶ 61} The record reveals that Underwood agreed to plead no contest to four charges in exchange for the state's recommendation that he serve a maximum of two years' incarceration. A plea bargain is a contract, see *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50, subject to contract-law standards (see *Baker v. United States* (C.A.6, 1986), 781 F.2d 85, 90), and enforceable by specific performance, see *Santobello v. New York* (1971), 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427. He bargained with the state to achieve a desired outcome, avoided a potentially longer term of imprisonment, and is now precluded from challenging his convictions as allied offenses of similar import. Underwood having accepted and received the benefit of the recommended sentence, the plea agreement "is sufficient to withstand any later attack even when the attack involves a plea to allied offenses." *State v. Styles* (Oct. 9, 1997), Cuyahoga App. No. 71052, 1997 WL 626058, *3. A defendant is "prohibited

from appealing the trial court's acceptance of the agreed sentence in an attempt to circumvent the terms of the plea agreement at the expense of the interests of the state." *State v. Graham* (Sept. 30, 1998), 10th Dist. No. 97APA11-1524, 1998 WL 680968, * 3.

*Forfeiture*

{¶ 62} Underwood neither asked the court at the time of sentencing to merge the allied offenses nor objected to the failure of the court to do so, and pursuant to *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23, his failure to preserve an objection forfeits the ability to claim error on appeal absent a showing of plain error. In *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78, we explained, "Plain error is not present unless but for the error complained of, the outcome of the trial would have been different."

{¶ 63} Here, Underwood has failed to demonstrate plain error because he has not shown that the outcome of the proceeding would have been different. At the time he entered pleas of no contest to the four counts in the indictment, the court could have imposed a potential maximum sentence of 12 years' incarceration. R.C. 2929.14(A)(3) and (5). Moreover, even if the trial court had applied R.C. 2941.25(A) and merged the allied offenses, the applicable sentencing statute authorized a potential maximum term of incarceration of up to six years. Id. However, because of the plea-bargained agreement, where the state exacted no-contest pleas to four counts, Underwood received a recommended two-year sentence, which the court imposed. Accordingly, Underwood cannot demonstrate that the court would have imposed a lesser sentence if it had merged the allied offenses, and he cannot demonstrate that the proceeding would have had a different outcome.

{¶ 64} A sentence involving allied offenses that is authorized by law, jointly recommended by the parties, and imposed by the trial court is not subject to review because R.C. 2953.08(D)(1) contains no exclusion for allied offenses.

{¶ 65} This conclusion is further fortified by the decisions in six appellate districts holding that R.C. 2953.08(D)(1) precludes appellate review of jointly recommended sentences imposed for convictions of allied offenses. See *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 69-71 (First District) (agreed sentence of three years upheld despite claims that two counts of aggravated assault were allied offenses); *State v. Turrentine,* 3d Dist. No. 1-08-18, 2008-Ohio-3231, ¶ 12-13 (agreed sentence of 15 years upheld despite claims that convictions for two counts of rape and one count of gross sexual imposition included convictions for allied offenses); *State v. Baird,* 7th Dist. No. 06-CO-4, 2007-Ohio-3400, ¶ 16 (agreed sentence of 11 years not subject to appellate review despite claims that convictions for rape and gross sexual imposition were allied offenses); *State v. Jackson,* 8th Dist. No. 86506, 2006-Ohio-3165, ¶ 13 (agreed sentence of 13 years upheld despite claims that convictions for voluntary manslaughter and felonious assault were allied offenses); *State v. Henderson* (Sept. 27, 1999), 12th Dist. No. CA99-01-002, 1999 WL 761002, * 2 (agreed sentence of 12 years upheld, including conviction for escape, despite claims that convictions for two counts of aggravated robbery were allied offenses); *State v. Graham* (Sept. 30, 1998), 10th Dist. No. 97APA11-1524, 1998 WL 680968, * 3 (agreed sentence of 16 years upheld, including convictions for specifications, despite claim that convictions for involuntary manslaughter and aggravated robbery were allied offenses).

## Conclusion

{¶ 66} A sentence in a criminal case that has been authorized by law, agreed to and jointly recommended by the parties, and imposed by a trial court in conformity with a plea-bargained agreement and applicable statutes is not subject

to review even if that sentence includes convictions for allied offenses of similar import.

{¶ 67} Accordingly, the certified question should be answered in the affirmative, and the judgment of the Second District Court of Appeals should be reversed.

LUNDBERG STRATTON and CUPP, JJ., concur in the foregoing opinion.

_____

**CUPP, J., dissenting.**

{¶ 68} I respectfully dissent from the majority's decision.

{¶ 69} The punishment to which Underwood agreed and that the trial court imposed—two years' imprisonment—was within the statutory range of permissible sentences for Underwood's crime. Thus, his two-year sentence was "authorized by law" within the meaning of R.C. 2953.08(D)(1), precluding his appeal of it. The majority is incorrect in asserting that to so conclude means that "jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control * * * would be unreviewable" under R.C. 2953.08(D)(1). Our decisions have made abundantly clear that a sentence without mandatory postrelease control is *not* "authorized by law." See, e.g., *State ex rel Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 21. The state and the defendant cannot agree to a sentence that lacks mandatory postrelease control and thereby insulate it from appellate review under R.C. 2953.08(D)(1).

{¶ 70} By contrast, merger of allied offenses of similar import, while required by R.C. 2941.25(A), is not of such fundamental importance that it may not be waived or forfeited by a defendant. See, e.g., *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (declining to consider defendant's allied-offenses argument because he did not object in the trial court to the failure to merge the offenses).

**{¶ 71}** I therefore agree with Justice O'Donnell's view expressed in his dissenting opinion that the sentence involved here was "authorized by law" for purposes of R.C. 2953.08(D)(1) and is not subject to appeal.

**{¶ 72}** In addition, apart from any R.C. 2953.08(D)(1) concerns, principles of waiver are potentially applicable to the situation of this case. Although the state argued in the court of appeals that Underwood had "waived" any claim of error by agreeing to the sentence, the state did not make a specific waiver argument for the appellate court's consideration. It therefore is not surprising that the court of appeals did not address this point, and it is debatable whether the state can now rely on a waiver argument that it did not specifically make below. Nevertheless, as the state points out in its reply brief, waiver is the intentional relinquishment or abandonment of a right, as opposed to forfeiture, which is a failure to preserve an objection. See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23.

**{¶ 73}** Underwood's agreement to the sentence here should be characterized as a specific waiver of the ability to challenge the sentence. See *State v. McCausland,* 124 Ohio St.3d 8, 2009-Ohio-5933, 918 N.E.2d 507, syllabus (a defendant waives the right to present a closing argument when he or she neither requests a closing argument nor objects to its omission); *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 13-21 (a defendant who does not exercise the opportunity to demand the testimony of a laboratory analyst under R.C. 2925.51 waives his right to cross-examine the analyst).

**{¶ 74}** A defendant who specifically bargains for and agrees to a sentence does more than fail to preserve an objection to the sentence, and therefore rather than forfeiting any objection, he affirmatively waives it. See *State v. Hooper*, 7th Dist. No. 03 CO 30, 2005-Ohio-7084, ¶ 18, a case not involving an agreed sentence, in which the Seventh District Court of Appeals held that sentencing

issues related to allied offenses of similar import are waived if not timely raised with the trial court. The court in that case noted the incongruity of a defendant's position in agreeing to a plea bargain but arguing on appeal that he "cannot be sentenced for the additional charge that was part of the plea bargain." Id. at ¶ 20. See also *State v. Antenori*, 8th Dist. No. 90580, 2008-Ohio-5987, ¶ 6 ("by voluntarily entering his guilty pleas to two separate offenses, defendant waived any argument that the same constituted allied offenses of similar import").[5] If a defendant who pleads guilty to allied offenses when there is not an agreed sentence waives the right to make an allied-offenses argument on appeal, a defendant who agrees to accept a sentence as part of a plea bargain certainly waives the right to argue allied offenses in challenging his sentence.

{¶ 75} Moreover, if this process is viewed as a waiver, then a plain-error analysis is unwarranted. See *Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 23 (a waived right cannot be the basis for a claim of plain error under Crim.R. 52(B)); *State v. Swanson*, 7th Dist. No. 05 MA 79, 2006-Ohio-4957, ¶ 17 (although appellant urged that plain-error analysis should apply, appellant's failure to raise his allied-offenses argument at trial when pleading guilty meant "that the alleged error is not the type to which the plain error rule applies"). Although it would have been helpful for the issue of waiver to have been more cleanly presented in this case, waiver is an additional reason that the judgment of the court of appeals should be reversed.

{¶ 76} For these reasons, I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

————————————

5. This court accepted the defendant's discretionary appeal on the proposition of law addressing the waiver issue in *State v. Antenori* (case No. 2009-0290), stayed briefing, and held it for decision in this case. See 121 Ohio St.3d 1499, 2009-Ohio-2511, 907 N.E.2d 323.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kelly D. Madzey, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and Robert Kenneth James, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.

_____